## COLEMAN COOK & wife *vs.* CITY OF CHARLESTOWN.

If the horse of a traveller becomes frightened at an object in the highway which is an ob- struction and defect therein, and with which, but for his fright, he would have come in contact, and, by reason of such fright, without coming in contact with it, runs away and overturns the carriage at a place where there is no defect, the city or town is not liable for injury so sustained by the traveller.

TORT for injuries alleged to have been sustained by Mrs. Cook by reason of a defect in a highway in Charlestown which the city was bound to keep in repair.

At the trial in the superior court, before *Wilkinson,* J., the plaintiffs offered to prove that on September 7, 1865, between twelve and one o'clock afternoon, the gray horse of· a traveller dropped dead on one of the principal streets in Charlestown, within the travelled limits of the way, rendering it unsafe for travellers, and constituting a defect, and was suffered to remain there until after the accident, notwithstanding due notice to the city ;·that between seven and eight o'clock in the evening the plaintiffs were driving a docile, well-broken and courageous horse along the right hand side of the street, with proper care and skill, in a line which would have brought them directly into contact with the dead beast; that, when they had approached within a few feet of it, their horse suddenly started to the left at a high speed, so that their carriage did not encounter the ob- struction, but ran into a carriage coming from the opposite direction, and then veered off so as to be in danger of running into a horse-car which was standing partly across the travelled way a hundred feet distant; and that " owing to the position ot the horse-car, and to a turn in the highway," Mr. Cook, who " could direct his horse, but could not at once arrest his speed at starting from the dead horse," was unable to avoid the curb-

stone and a tree a hundred and eighty feet distant from the dead horse, and so the carriage ran against the curb-stone and the tree, and was overturned, and Mrs. Cook suffered injury; that at the hour in question the color of the dead horse corresponded so nearly with that of the surface of the street that the driver would not have been wanting in due care in running against it if his horse had not started to the left, although there was space in the street sufficient to have permitted the carriage to pass without encountering it; and that the carcass of a dead horse is an object terrifying to horses, who can readily detect it by its smell.

The judge ruling that this evidence would not sustain the action, a verdict was taken for the defendants, and the plaintiffs alleged exceptions.

*O. Stevens*, for the plaintiffs.

*C. Robinson, Jr.*, for the defendants.

Hoar, J. The bill of exceptions now presented contains but one statement of fact which distinguishes the case from that which was before us upon the exceptions taken at a previous trial. That fact is, that when the plaintiff's horse was frightened at the dead horse in the street, and ran away, he was going directly upon it, was within a few feet of it, and would have gone upon it if he had not sprung to one side. This does not, in our opinion, change the aspect of the case materially.

The proximate cause of the injury was that the plaintiff's horse, frightened, and going at a speed which could not be controlled, dashed the carriage against a tree and curb-stone which were not defects in the highway. The fright was occasioned by the dead horse; which, so far as it was an obstruction to travel, was a defect in the highway for which the defendants were responsible. But this court has decided in several reported cases, and such was the decision in this case when it was before us at the last term, that an object within the limits of a highway, which may frighten horses and is likely to do so, but is not otherwise an obstruction to travel, is not a defect in the way within the meaning of the statutes which require towns to keep their ways in repair. *Keith v. Easton,* 2 Allen, 552. *Kingsbury*

v. *Dedham*, 13 Allen, 186. *Cook* v. *Charlestown*, Ib. 190. The city is not responsible because the plaintiff's horse was frightened at an object in the street, and upset his carriage at a place where the way was perfectly safe and convenient. Nor can it make any difference that the object which frightened the horse is one which would have been an obstruction and defect in the way if he had come in contact with it. It is not its quality as an obstruction which causes the injury complained of, but its quality as an object of terror to the horse. There is nothing to show that the horse was more frightened than he would have been if it had lain close beside his path, instead of directly in it.

The plaintiff takes the ground that as there was an obstacle in the travelled way, apparently dangerous, the sudden spring of the horse to avoid it was occasioned by the defect; and attempts to bring the case within the doctrine of *Lund* v. *Tyngsboro*, 11 Cush. 563. It was there held that if a traveller, in the exercise of common care and prudence, voluntarily leaps from his carriage, because of a near approach to a dangerous defect in the highway, and thereby sustains an injury, the town is liable, though the carriage does not come in actual contact with the defect. The cases would be somewhat analogous, if the carriage had been overturned by the sudden spring of the horse to avoid the defect. But the horse did not merely try to avoid the obstacle; he was frightened by it. He became unmanageable, and escaped from his driver's control; and the injury occurred nearly two hundred feet off, at a place where there was no defect in the way. The defect in the highway, therefore, which consisted merely in an obstacle to passing, did not directly produce the injury; nor did a reasonable attempt to avoid the defect produce it. The injury was caused by the running away of a frightened horse; and the plaintiff offered to prove that the fright was occasioned by something which had nothing to do with the fact that the object which caused it was or was not a defect in the highway.

The ruling at the trial that the plaintiff could not maintain the action was therefore right, and in conformity with the previous decisions of this court. *Exceptions overruled.*