HENRY C. JONES vs. HOUSATONIC RAILROAD COMPANY.

A railroad corporation is liable for injuries sustained by a traveller, driving a horse upon a highway with due care, through a fright of the horse occasioned by a derrick which the corporation maintained projecting over the highway so as naturally to frighten passing animals, although it was maintained for the purpose of loading and unloading freight on the cars.

TORT for injuries sustained by the plaintiff while travelling on a highway in Stockbridge, and alleged to have been caused by the defendants' negligence.

At the trial in the superior court, before *Devens*, J., the plaintiff introduced evidence tending to show that the defendants' railroad crossed a highway in Stockbridge at a place called Glendale, where they maintained a station; that planks were laid between the rails in the highway, but not across the whole width of it; that the ordinary course of travel upon the highway was over the planks; and that at the defendants' station near the crossing they maintained a derrick for the purpose of loading and unloading freight, which was described in the testimony as " having an upright shaft about twelve feet high, and a horizontal arm about fourteen feet long," and as " so located that the arm might be swung north, and then the freight suspended from it would hang about four feet within the located limits of the highway, but some ten or twelve feet from the travelled track of said road."

The evidence was conflicting as to how far the derrick could be seen by travellers approaching the crossing, upon the highway, from the west. The defendants' testimony tended to show that it was visible for from eight to twelve rods; the plaintiff's, that it could not be seen until the traveller " approached closely thereto."

The plaintiff's evidence tended further to show that he was travelling east upon the highway, with a horse and wagon, towards the crossing, when the horse shied at a box-car, which was standing on the north side of the highway, and partly within it, though not within two or three feet of the planking between the rails; that, shying, the horse turned south, and was then frightened by the derrick, and by a platform-car which was standing

within the highway and upon which the defendants were loading stone from a wagon with the derrick ; that the arm of the derrick was swung to the north, and there was a stone suspended from it at a height of about four feet from the ground and within the highway ; and that the horse " became frightened further at said derrick and stone, and ran away with the plaintiff, causing the injuries complained of."

The judge gave instructions to the jury as to due care on the part of the plaintiff and negligence on the part of the defendants, to which no exceptions were taken ; and the defendants then prayed for the following additional instructions : " The defendants, a railroad corporation, are justified in erecting a derrick on their own land in the manner disclosed by the evidence, to enable them to load and unload freight which as common carriers they are bound to receive and transport ; and if the arm of the derrick, in its use, swings with its load over the highway, in loading or unloading the defendants' cars, it is a lawful use by the defendants of the highway, and the derrick, such as is disclosed by the evidence, is an instrument or structure which the defendants in their business have a right to have and use as a reasonable and proper instrument or structure in conducting their business. And if the plaintiff's horse became frightened at the derrick and its load, whilst in use by the defendants in the conduct of their business as a railroad corporation, the defendants are not answerable to the plaintiff therefor."

The judge declined to give these instructions, and instructed the jury in reference to the subject of them as follows : " The defendants were not necessarily negligent by loading their cars in the located (not travelled) limits of the highway ; but if for this purpose they at any time use such limits, they must do it so as not to interfere with the lawful use of the highway by others. They are not entitled to place or maintain structures in it, or extending into it, the effect of which would naturally be to alarm the animals used thereon ; and if they do, and injury results therefrom to parties using due care, they must be held responsible." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. Dewey, Jr.*, for the defendants. Upon the facts stated in the bill of exceptions, as to the derrick and the use of it at the time of the accident, it was a question for the court whether the structure and its use were justifiable, and the instructions requested by the defendants should have been given.

In the instructions which were substituted for those requested, the defendants were held to too strict responsibility in regard to their use of any part of the highway, in this, that they were limited to such a use of it as not to "interfere" (that is to say, not to interfere in any degree) with the lawful use of it by others; whereas they are not liable unless they unreasonably interfere with such use of it by others. *Gahagan* v. *Boston & Lowell Railroad Co.* 1 Allen, 187, 188. *Shaw* v. *Boston & Worcester Railroad Co.* 8 Gray, 66, 67, 78, 79. See also St. 1871, *c.* 83, and Shearman & Redfield on Negligence, § 367.

If the defendants may lawfully use and occupy the highway with their cars and engines, for a reasonable time in prosecuting their business, they may in like manner during the same time employ any other instrument or structure necessary or convenient in its prosecution, though such as naturally to alarm animals driven on the highway. Shep. Touchst. 89, § 1. *Darcy* v. *Askwith*, Hob. 234. *Price* v. *Braham*, Vaugh. 106, 109.

*S. W. Bowerman*, for the plaintiff. Railroad corporations are not justified in locating freight depots so near highways that the loading and unloading of freight may in any manner obstruct or endanger public travel. Redfield on Railways (4th ed.) § 226, *cl.* 7, and cases cited in note. They have no right in a highway except the right of transit, and are liable to fine if they obstruct travel by leaving engines or cars within its limits. Gen. Sts. *c.* 63, § 68. Any machine or structure erected by a railroad corporation within the limits of a highway, or extending into the highway when used, naturally adapted to frighten horses lawfully driven on the highway, is a nuisance, and if horses so driven are frightened thereby, and injury results, the corporation is liable. *Congreve* v. *Smith*, 18 N. Y. 79. *Congreve* v. *Morgan*, Ib. 84. *Morton* v. *Moore*, 15 Gray, 573.

AMES, J. The instructions requested by the defendants were rightfully refused. The right of a railroad corporation to use and occupy a part of the public highway, for the purpose of loading and unloading freight, (if any such right can be said to exist,) must be subordinate to the lawful use of the highway for general purposes of travel. The rule contended for by the defendants would allow them to use machinery and implements within the limits of a highway, such as might naturally frighten horses and in that way endanger travellers who were in the exercise of due care and diligence. *People* v. *Cunningham*, 1 Denio, 524. *Rex* v. *Jones*, 3 Camp. 230. The instructions given by the court were correct and appropriate, and met all the exigencies of the case. It was not necessarily a wrongful act for the defendants to load their cars within the located limits of the highway; but " they were not entitled to place or maintain structures in it, or extending into it, the effect of which would naturally be to alarm the animals used thereon," and they are to be held responsible if any injury should result from their doing so, to persons using due care. *Exceptions overruled.*