EZRA BLY *vs.* CITY OF HAVERHILL.

In an action under the Gen. Sts. *c.* 44, § 22, against a city to recover damages occasioned by the defendants' neglect to light a covered bridge, the plaintiff introduced evidence that he was driving over the bridge at a slow trot of about four miles and a half an hour, and not so fast as before he came on the bridge; that it was so dark he could not see two feet ahead, nor the sides of the bridge; that his horse, which was gentle, was frightened at a noise, shied, and struck the side of the bridge; and that the plaintiff was thrown out. *Held*, that a jury would be justified in finding that he was in the exercise of due care.

TORT under the Gen. Sts. *c.* 44, § 22, to recover for personal injuries occasioned by the defendants' neglecting to keep lighted a covered bridge leading from Haverhill to Bradford, which was part of a highway that they were bound to keep in repair. At the trial in the Superior Court, before *Putnam*, J., no question was made but that it was the duty of the defendants to keep the bridge lighted, and that it was not lighted.

The plaintiff testified " that, at the time of the accident, which was between six and seven o'clock, he was driving, from Bradford to Haverhill, a horse and open wagon in which were his wife and son ; that when he had got about two thirds of the way over from Bradford, some people in the bridge made a noise, talking and laughing, which frightened his horse, so that he shied to the right, and immediately struck upon the side of the bridge ; that he, with his wife and son, were thrown out and severely injured, the son being thrown out with such violence as to break two of his ribs ; that he was driving at the time on a slow trot at the rate of four miles and a half an hour ; that his horse was gentle and kind; that it was very dark ; that he saw the bridge was not lighted ; that he could not see two feet ahead, after they got into the bridge, up to the time of the accident ; and that they could not see the sides of the bridge."

Joanna Bly, the plaintiff's wife, testified "that they started from home between six and seven o'clock, and had driven about three and a half miles to the bridge ; that it was so dark that they could hardly see their hands before their faces ; that her eyes might as well have been bandaged ; that the first she knew the horse started to the right ; and that they were trotting at the time, but not so fast as before they got to the bridge." Thomas Bly, the plaintiff's son, testified that it was pitch dark. No other evidence was offered upon the question of due care on the part of the plaintiff, and the defendants asked the judge to rule, that, as matter of law, on this evidence, the plaintiff had not shown that he was in the exercise of due care ; but the judge declined so to rule, and left the question of due care to the jury, upon this evidence, under instructions as to what constituted due care, to which no exception was made, if there was any evidence to go to the jury.

The jury returned a verdict for the plaintiff for $75, and the defendants alleged exceptions.

*D. Saunders & C. G. Saunders*, for the defendants, cited *Raymond* v. *Lowell*, 6 Cush. 524 ; *Cayzer* v. *Taylor*, 10 Gray, 274 ; *Gavett* v. *Manchester & Lawrence Railroad Co.* 16 Gray, 501 ; *Wright* v. *Malden & Melrose Railroad Co.* 4 Allen, 283 ; *Todd* v. *Old Colony & Fall River Railroad Co.* 7 Allen, 207 ; *Snow* v. *Housatonic Railroad Co.* 8 Allen, 441 ; *Wilson* v. *Charlestown*, Ib. 137 ; *Warren* v. *Fitchburg Railroad Co.* Ib. 227, 230 ; *Callahan* v. *Bean*, 9 Allen, 401 ; *Butterfield* v. *Western Railroad Co.* 10 Allen, 532 ; *Hickey* v. *Boston & Lowell Railroad Co.* 14 Allen, 429 ; *Gahagan* v. *Boston & Lowell Railroad Co.* 1 Allen, 187 ; *Bancroft* v. *Boston & Worcester Railroad Co.* 97 Mass. 275 ; *Murphy* v. *Deane*, 101 Mass. 455 ; *Gilman* v. *Deerfield*, 15 Gray, 577.

*H. Carter*, for the plaintiff.

AMES, J. The only question raised by this bill of exceptions is whether there was any evidence that the plaintiff was in the exercise of due care at the time of the accident. The want of such care, on his part, is not, as a matter of law, an inevitable and conclusive inference from the evidence reported. As a cautious

and prudent man he was bound to use that kind and degree of care which was required by the apparent exigencies of the case, and to be upon his guard against all dangers that could fairly be considered as probable. *Brown* v. *Kendall*, 6 Cush. 292. The accident in this case did not originate from any of the ordinary incidents of travel, but from a sudden and extraordinary disturbance, which he could neither anticipate nor guard against. If his horse were kept well in hand, and driven at the slow trot described by the plaintiff, the mere fact that he had not reduced the pace to a walk would not of itself justify the court in ruling that there was no evidence of reasonable care on his part. Of the numerous cases cited by the defendants there is not one that goes to such an extreme, and therefore the

*Exceptions are overruled.*