## AUGUSTUS WOODS & wife *vs.* INHABITANTS OF GROTON.

A woman was driving in the daytime, with due care, a horse which would sometimes shy but had not a vicious habit of shying, along a highway twenty feet wide on the top of an embankment. Owing to a depression in the highway, filled with mud and water, the travelled rut, along which she drove, was within fourteen inches of the edge of the embankment. There was no railing on the edge. By reason of the horse shying, the travelled way being so near the edge, and the want of railing, her wagon was overturned and she was injured. Arbitrators, to whom was referred a claim by her against the town bound to keep the highway in repair, found the above facts, and also that the highway was defective in having the travelled way so near the edge without a railing, and that the town knew the defect. *Held,* that these findings would warrant an award in favor of the woman.

APPEAL under the Gen. Sts. *c.* 147, § 12, from an order of the Superior Court for judgment for the plaintiffs on an award made and returned into court, and accepted and confirmed in pursuance

of a submission under §§ 1, 2. The demand was to recover for injuries received by Frances E. Woods, the female plaintiff, from a defect in a highway on which she was travelling, using due care, and which the defendants were bound to keep in repair.

The award was that the plaintiffs should recover from the defendants $1000 and their costs, and the costs of the reference, and continued thus : " We also make the following report of facts as found by us, and on which we founded the above award. The place where the accident occurred was a public highway which the defendants were bound to keep in repair. A defect in the highway had existed for more than twenty-four hours, and its existence was known to the defendants. The highway where the accident occurred was defective and out of repair by having the travelled part within fourteen inches of an embankment or the descent at the side of the road, and for want of proper railing. The rate of speed at which Frances E. Woods was driving at the time of the accident was not unusual nor improper driving for that time and place, and she was in the exercise of due care. The horse was not out from under the control of the driver up to the time of the accident, or until reaching the place defective as above described. Frances E. Woods was driving along the highway in a wagon drawn by a horse which she was driving with due care ; and while thus driving along that part of the highway where the wheel ruts were within fourteen inches of the embankment, the horse shied, and by reason of said shying and said defects in the highway and want of railing, the wheels of the wagon went off the embankment, the wagon was overturned, and Frances E. Woods was thrown to the ground and injured. The accident happened in the daytime, and at the place where it occurred the highway between the embankments was more than twenty feet wide, and the wrought and travelled part of the same was generally level and even, except that near the centre of the road where the accident occurred there was a depression, which, after rains, was filled with mud and water, and travel had gone on one side and the other of it, making the wheel rut near the embankment. There was mud and water in the depression at the time of the accident. There was nothing to obstruct the view of the spot by

Frances E. Woods in approaching it in the way she was driving. The horse would sometimes shy, but had not a vicious habit of shying.

" But if the court, in applying the law to the foregoing findings, shall be of opinion that the defendants are not liable in law, we then award in favor of the defendants, and also that each party pay their own costs and one half of the cost of the reference."

The defendants objected to the acceptance of the award on the ground that the findings named and made part of the award, and on which the same was founded, were not sufficient in law to sustain the award.

*J. Spaulding & J. K. Bennett*, for the defendants. The arbitrators have awarded in the alternative, for the plaintiffs, in one event; in another event, for the defendants. If there is any presumption in favor of the award, it is for the defendants as much as for the plaintiffs. The facts reported do not show any defect in the highway. The facts do not show that Frances E. Woods was using due skill in driving; due skill and due care are different things. Nor do the facts show that the horse was a safe one.

*A. P. Bonney & C. F. Howe*, for the plaintiffs.

By THE COURT. The question is not whether the facts disclosed show that the arbitrators decided rightly; but whether they are sufficient to establish the contrary. Unless it is made to appear that the arbitrators mistook the law, or misconducted in some respect, their award cannot be set aside. All presumptions are to be taken in its favor; and it is conclusive upon questions of fact.

There is nothing in the case by which the award can be impeached. *Judgment for the plaintiffs affirmed.*