JOSEPH CARD *et ux. vs.* CITY OF ELLSWORTH.

Hancock, 1875.—July 1, 1876.

*Way,—defective.*

While the female plaintiff, with horse and wagon, was traveling along the highway, her horse became frightened at a large rock, dug out of the earth by the town and left in the traveled way in a situation calculated to frighten horses passing by. In attempting to dismount from the wagon, she fell and was injured. Neither she nor the horse was at fault. The rock was, *per se,* a defect in the way. *Held,* that if she was dismounting to prevent upsetting while the horse was restless and unmanageable from the fright, (the plaintiff's version,) the defect in the way may be held to be the proximate cause of the injury. *Held,* also, that if the horse was manageable, and the plaintiff was dismounting to lead the horse by, when he started up and threw her down, but not on account of any fright at that moment at the rock, (the defendants' version,) the defect in the way could not be considered as the proximate cause of the injury. *Held,* further, that a town may be liable to a traveler for an injury occurring from the fright of his horse at an obstruction in the traveled way, which is an actual defect therein, although not coming in contact therewith; but not unless the object of fright presents an appearance that would be likely to frighten ordinary horses; nor unless the appearance of the object is such that it should reasonably be expected by the town that it naturally might have that effect; nor unless the horse was, at least, an ordinarily kind, gentle and safe animal, and well broken for traveling upon our public roads.

ON REPORT.

CASE, for an alleged injury to the female plaintiff by means of a defect in the highway, stated in the report thus :

"She was riding with a young woman in a wagon, and came upon a place where a large rock had been raised by the defendants from the ground, and remained within the traveled way, in such a position as to be calculated to frighten a horse such as the parties were then driving, going within a rod or so of the obstruction. The

horse being frightened, and unwilling to pass the obstruction, the young woman got out and took the horse by the head, and while the plaintiff was getting out, the horse started and threw her from, the wagon, and she was injured thereby.

No question is made but that the rock was a defect in the highway, which the defendants were bound to keep in repair, or about notice; and it is admitted that the plaintiff and the person with her were in the use of common care and prudence in all that was done by them at the time; and no question is made as to the suitableness of the horse and team used at the time.

The plaintiff contends that she was getting out of the wagon to save herself from the danger of injury by an upset liable to be occasioned by the horse being restless and unmanageable.

The defendants contend that the plaintiff was in the act of getting out of the wagon, in order to have the horse led toward the obstruction, and that the horse was not at that moment unmanageable, although he made a step which threw the plaintiff down as she was attempting to get out.

It is admitted that neither the horse nor the wagon came in actual contact with the rock.

If the action is not maintainable upon the facts as contended for by the plaintiffs, because there was no actual collision or contact with the rock, then a nonsuit is to be entered.

But if an action is maintainable upon the facts as contended for by the plaintiffs, and not maintainable, provided the facts as contended for by the defendants are true, then the action is to stand for trial, in order to submit the facts in dispute to a jury.

And if the action is maintainable upon the facts, as the defendants claim them to be, then a default is to be entered, and the damages to be assessed by a jury, unless a reference or a commission shall be agreed upon."

*A. Wiswell & A. P. Wiswell*, for the plaintiffs.

The plaintiffs' right to recover is not affected by his or her having contributed to the injury unless he or she was in fault in so doing. Shear. & Red. on Neg., p. 31, and cases there cited. It is not necessary that there should be actual contact of the horse or carriage with the obstruction. *Lund et ux.* v. *Tyngsboro*, 11

Cush., 563. Objects in a highway likely to frighten horses of ordinary gentleness, may be nuisances. *Ayer* v. *Norwich*, 39 Conn., 376. *Dimock* v. *Suffield*, 30 Conn., 129. Objects within the limits of a highway, which in their nature are calculated to frighten horses of ordinary gentleness, may be nuisances which make the highway defective within the meaning of the statute. *Morse* v. *Richmond*, 41 Vt., 435. *Bartlett* v. *Hooksett*, 48 N. H., 18. *Foshay* v. *Glen Haven*, 25 Wis., 288, (3 Am. Rep., 73.) Shear. & Red. on Neg., § 388, and decisions referred to. It is there said: "Some recent decisions in Massachusetts tend to a different conclusion, but they stand alone, and their reasoning does not enforce our conviction of their soundness."

*E. Hale & L. A. Emery*, for the defendants, relied upon these three propositions.

I. The rock, in its quality as a defect in the road, did not frighten the horse, but the fright was by some other quality of the rock.

II. Upon the defendants' theory, the rock was not the proximate cause, and the plaintiffs must disprove the defendants' theory before they can recover.

III. Upon the defendants' theory, the rock was not any cause at all, and the plaintiffs must disprove this theory before going on.

The statute imposing liability upon towns is penal, as well as remedial, and is to be construed strictly. *Moore* v. *Abbot*, 32 Maine, 46. *Moulton* v. *Sanford*, 51 Maine, 127. The defect or want of repair is either inert matter left incumbering the street upon or over it, or structural defects endangering the public travel. An object frightening horses is not necessarily and *ipso facto* a defect, within the meaning of the statute. *Davis* v. *Bangor*, 42 Maine, 522. The fact that the horse was frightened at the appearance of an object does not render that object a defect within the meaning of the statute. *Merrill* v. *Hampden*, 26 Maine, 234. The reported cases in this state are cases of actual contact. So also in these cases in Massachusetts. *Keith* v. *Easton*, 2 Allen, 552. *Kingsbury* v. *Dedham*, 13 Allen, 186. Though the object frightening the horse was also an obstruction, yet if its quality as an obstruction did not frighten the horse, the town is

not liable. *Cook* v. *Charlestown*, 98 Mass., 80. *Cook* v. *Montague*, 115 Mass., 571. In *Lund* v. *Tyngsboro*, the plaintiff jumped to avoid a collision ; that is, to avoid the thing as a defect, an obstacle to travel.

The rock was perhaps the remote cause of the injury, but it was not the proximate cause. *Bigelow* v. *Reed*, 51 Maine, 325. The maxim of proximate cause is applied more rigorously in statute torts than in common law torts. *Moore* v. *Abbot*, 32 Maine, 46. *Moulton* v. *Sanford*, 51 Maine, 127. *McDonald* v. *Snelling*, 14 Allen, 290. The obstruction must be something more than the occasion, it must be the cause. *Livie* v. *Janson*, 12 East, 648. *Smith* v. *Lee*, 14 Gray, 473. *Jenks* v. *Wilbraham*, 11 Gray, 142. *Marble* v. *Worcester*, 4 Gray, 395. *Libbey* v. *Greenbush*, 20 Maine, 47.

PETERS, J. In our opinion the defect in the way was the proximate cause of the injury, if the facts are as the plaintiffs claim them to be. The travelers had no knowledge of the defect in the way until they came upon it. The horse becoming frightened and unmanageable, the female plaintiff was getting out of the wagon, to avoid the threatened danger, when the accident occurred. She was in the use of common care, in doing so. We think this statement brings the case within the principle of *Lund* v. *Tyngsboro*, 11 Cush., 563 ; and of *Page* v. *Bucksport*, 64 Maine, 51. In the series of antecedent events, the act done through the agency of the defendants is the only act occasioned by negligence. Neither the horse nor the driver was in fault. That act was the moving and controlling cause of the accident. The other events were agencies only, through which it operated. *Bigelow* v. *Reed*, 51 Maine, 325. *Lake* v. *Milliken*, 62 Maine, 240.

But it is otherwise, if the facts are as the defendants claim them to be. If the horse was at rest and manageable, and the persons traveling got out of the wagon, apprehending difficulty in driving the horse by the obstruction, and the horse, (not from any fright) started up as the plaintiff was dismounting, and an injury thereby happened to her, we do not think that in such case the defect could be considered the proximate cause of the injury. In that case, no one was in fault. It was a casualty and misfortune

merely. The rock in the road had no direct agency in causing the horse to start too quickly. Undoubtedly the defect in the way was one of a series of events or things without which the accident would not have happened; but it was not the "juridical cause" of it. This is made clear by a reference to the discussions in such analogous cases as *Tisdale* v. *Norton,* 8 Metc., 388; *Denny* v. *N. Y. Central R. R. Co.,* 13 Gray, 481; *Hoadley* v. *Northern Transportation Co.,* 115 Mass., 304; and numerous other cases.

The other question in the case is, whether the defendants are liable for an injury occurring from the fright of the horse at the rock, neither the horse nor the carriage coming in collision or contact with the rock. Upon this point the weight of authority is with the plaintiffs. There are able opinions in that behalf in the courts of New Hampshire, Vermont, Connecticut, and of several other states. The same doctrine is also advocated in several respectable legal treatises. *Bartlett* v. *Hooksett,* 48 N. H., 18. *Morse* v. *Richmond,* 41 Vt., 435. *Dimock* v. *Suffield,* 30 Conn., 129. *Ayer* v. *Norwich,* 39 Conn., 376. *Foshay* v. *Glen Haven,* 25 Wis., 288. Red. & Shear. on Neg., 31. Angell on Highways, § 261.

The inclination of the court in Massachusetts, as exhibited in the earlier cases, was apparently favorable to the same view. In *Howard* v. *North Bridgewater,* 16 Pick., 189, 190, the court say, "but there may be such obstructions out of the traveled path, as will render the road unsafe; such, for instance, as would frighten horses." But in the later cases, the opinion of that court, upon the exact question presented here, as well as upon other questions more or less like it, has been most unequivocally the other way. In *Keith* v. *Easton,* 2 Allen, 552, it was decided, that an incumbrance "upon the side of a way," was not a defect in the way, merely because it exposes the traveler's horse to become frightened by the sight of it, or by sounds or smells issuing from it. In *Kingsbury* v. *Dedham,* 13 Allen, 186, the application of the same doctrine was extended to a case where the object at which the horse took fright was within the traveled way, and was of a nature calculated to frighten horses, but was not *per se* an actual

defect or incumbrance in the way of travel. In *Cook* v. *Charlestown*, 98 Mass., 80, it was held that the town was not liable, even though the incumbrance at which the horse became frightened, was in the traveled part of the way, and was of itself an obstruction and defect therein. There was in that case no collision with the obstruction itself, and the accident occurred at a point in the road where there was no defect. *Cook* v. *Montague*, 115 Mass., 571, is to the same effect. Still, individuals who have or maintain upon the highways obstructions which caused fright in horses are held, in Massachusetts, responsible to travelers for injuries occasioned thereby. *Barnes* v. *Chapin*, 4 Allen, 444. *Jones* v. *Housatonac Railroad Co.*, 107 Mass., 261. And, in the same state, it has been held that a town may be answerable for damages where an injury is caused by a horse shying at one defect, and the carriage hitting the same or some other defect, upon the highway. *Bigelow* v. *Weston*, 3 Pick., 267. *Bly* v. *Haverhill*, 110 Mass., 520 ; *Woods* v. *Groton*, 111 Mass., 357.

In our own state, there are but few cases where the question is touched. *Cobb* v. *Standish*, 14 Maine, 198, is a novel case where the proposition under discussion is reversed. There the horse was ensnared into a miry pit, instead of being frightened from it. The town was held because the indications of danger were concealed from the notice of the traveler and his horse. It was decided in *Merrill* v. *Hampden*, 26 Maine, 234, that if a hole in the road was filled up with stones before the accident so as to be safe for the horse and carriage to pass over, the fact that the horse was frightened at its appearance would not render the town liable for an injury happening on that account. But it is intimated in the opinion, that there might be conditions in the highway for which a town would be responsible, where an injury is caused by a horse taking fright at the appearance of the road. *Lawrence* v. *Mt. Vernon*, 35 Maine, 100, was the case of an injury by a horse taking fright at a pile of shingles on the side of the road outside of the traveled way. The judge at the trial instructed the jury that if the shingles were of a character likely to frighten horses they were a defect in the public way. The court say that the instruction withdrew from the jury the de-

termination of a question of fact.  No other criticism is passed upon that instruction.  In *Davis* v. *Bangor*, 42 Maine, 522, it was decided that a tree standing upon a cart upon a public way was not an incumbrance for which the town was answerable to a traveler whose horse became frightened thereat and ran away.  In that case, no notice appears to have been taken by counsel or court of any distinction on account of the injury being caused by the fright of the horse at, instead of by a collision with, the supposed defect.  In *Clark* v. *Lebanon*, 63 Maine, 393, it was determined that a town is liable where the injury was caused by a horse running away on account of a fright produced by the carriage to which the horse was attached coming in collision with a defect in the way.  That case very strongly resembles the case at bar.  There the horse became alarmed through the sense of touch.  Here he became alarmed through the sense of sight.  There is no other difference or distinction between the cases.  *Jewett* v. *Gage*, 55 Maine, 538, is a case where an individual was held liable for an object in the highway which caused an injury to a traveler by frightening his horse.

We think, upon the plaintiffs' showing, this action can be maintained.  It is a strong case of the kind.  The horse was suitable.  The driver used proper care.  The object which produced the fright was in the traveled way.  It was *per se* an incumbrance upon and a defect in the way.  It was an object likely to terrify a horse.  The roads are required to be "kept in repair so that they are safe and convenient for travelers with horses, teams and carriages."  It is admitted that the road was not "in repair."  Was it safe and convenient?  Of course, a town is not accountable for every obstruction upon its highways which would produce fright in horses, nor merely because the road is not safe and convenient.  It is impossible to define the municipal obligation by any general rule.  Each case must depend somewhat upon its peculiar facts.  Of course, whether a road is or not out of repair is generally for the jury to decide.  But there are certain conditions of a road which cannot legally be regarded as defects; such as, because the road is hilly; or not all wrought; or because crowded with per-

sons or teams; and there are other classes of cases where no liability can exist.   Illustrations of many such are given in *Keith* v. *Easton, supra.*

We are not convinced, however, that a recovery can be had in no case where the injury is caused by the fright of a horse at an object upon a highway.   Fear is not a despicable quality in the character of man or beast.   "Fear has many eyes."   "Early and provident fear is the mother of safety."   It was fear that impelled the traveler, (*Lund* v. *Tyngsboro, supra,*) to leap from his carriage to avoid a dangerous defect in the way, when his safety really depended upon his remaining in the carriage.   The passenger who jumped from a coach through fear of his safety and thereby received an injury, made the same mistake.   *Ingalls* v. *Bills,* 9 Metc., 1.   But in those cases the defect was regarded as the responsible cause of the injury.

The defendants insist, that the accident is not imputable to the fact that the rock was in the traveled way.   They say, that, if it had been situated on the side of the road or just outside of the limits of the road, the result would or might have been the same. In *Cook* v. *Charlestown, supra,* (Massachusetts case) it is said: "There is nothing to show that the horse was more frightened than he would have been if it (obstruction) had lain close besides his path, instead of directly in it."   The defendants also rely on the argument, that innumerable things on and about a highway may annoy and frighten a horse which cannot be regarded as defects for which a town would be responsible, and that for that reason in this peculiar class of cases there should be no liability . upon the part of the town at all.   While these suggestions would have considerable force in many cases, they do not furnish any defense under the particular circumstances of the case at bar. *Non constat,* that the result would have been the same under the conditions supposed.   We think the more reasonable presumption in this case, to be, that the horse would have gone safely along had the impediment not been in the traveled way.   Nor does it follow that a town may not be responsible for some objects, because they are not responsible for all objects, in the highway which detract from the convenience and safety of traveling.

How far, if at all, the court would be inclined to admit the doctrine adopted in this discussion beyond the facts now before us, we cannot now decide. But in no case like this can a liability of the town exist, unless the object of fright presents an appearance that would be likely to frighten ordinary horses; nor unless the appearance of the object is such that it should reasonably be expected by the town that it naturally might have that effect; nor unless the horse was, at least, an ordinarily kind, gentle and safe animal, and well broken for traveling upon our public roads.

*The action to stand for trial.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.