GEORGE CROCKER and wife, *vs.* JOHN MCGREGOR.

Penobscot.  Opinion June 7, 1884.

*Evidence.  Fright of horses.*

In an action for an injury to the plaintiff alleged to have been caused by the fright of her horse, by steam escaping from the defendant's mill, situated on the margin of the public highway; *Held*, that evidence was admissible to show that other horses, ordinarily safe, when driven by it on other occasions a short time before and after, when the construction and use of the mill were the same as when the plaintiff was injured, were frightened by it.

ON EXCEPTIONS and motion to set aside the verdict, by the defendant.

The case is stated in the opinion.

*John Varney*, for the plaintiffs, cited : *Hill* v. *R. R. Co.* 55 Maine, 439 ; *Eaton* v. *N. E. Tel. Co.* 68 Maine, 63 ; *House* v. *Metcalf*, 27 Conn. 631 ; *Calkins* v. *Hartford*, 33 Conn. 57 ; *Darling* v. *Westmoreland*, 52 N. H. 401 ; *Kent* v. *Lincoln*, 32 Vt. 591 ; 1 Whar. Ev. Title, "Relevancy ;" 74 N. Y. 603 ; 11 Hun, 218 ; *Avery* v. *Syracuse*, 36 Hun, 537.

*Charles P. Stetson*, for the defendant, contended that the testimony of witnesses to the effect that other horses were frightened on days before and after the accident by steam at the defendant's mill, was inadmissible.  True, there is a conflict of the authorities upon this question, but Greenleaf, Starkie and Phillips, and the courts of this state and Massachusetts, are against the admission of such evidence.  *Hubbard* v. *R. R. Co.* 39 Maine, 507 ; *Parker* v. *Portland Pub. Co.* 69 Maine, 173 ; *Collins* v. *Dorchester*, 6 Cush. 396 ; *Aldrich* v. *Pelham*, 1 Gray, 510 ; *Kidder* v. *Dunstable*, 7 Gray, 104 ; *Gahagan* v. *B. & L. R. R.* 1 Allen, 187 ; *Schoonmaker* v. *Wilbraham*, 110 Mass. 134 ; *Blair* v. *Pelham*, 118 Mass. 420.

After referring to cases in conflict, counsel argued that the rule adopted in the cases decided by the courts of Maine and Mass-

achusetts, and the reasoning of them are more satisfactory and most likely to produce a fair trial in this class of cases.

If the testimony, as to other horses being frightened at other times is admissible, the defendant must come into court prepared to try many cases instead of one, and bring witnesses in each case to show the character of the horse, the skill of the driver, the condition of the harness and carriage, whether the steam caused the fright, and all the circumstances.

It is said that such testimony is admitted only for the purpose of showing that the steam from the mill might frighten ordinary horses. But the jury cannot appreciate or make application of this nice distinction. The testimony is not confined by them to the purpose for which it is admitted, but affects their judgment and conclusion as to the other points of the case.

LIBBEY, J. This action comes before this court on exceptions and motion. It is for an injury to the female plaintiff, alleged to have been caused by the fright of her horse by steam escaping from the defendant's mill, situated on the margin of the public highway, which the plaintiff alleges was a public nuisance to the travel over the way.

The exception is to the admission of evidence produced by the plaintiff. Witnesses for the plaintiff. were permitted to testify that, when travelling by the mill with horses well broken and ordinarily safe, their horses were frightened by the escaping steam. This evidence was limited to a short time before and after the plaintiff's injury, when the mill was in the same condition as when she was injured; and was admitted for the sole purpose of showing the capacity of the escaping steam to frighten ordinary horses. We think it was properly admitted.

The issue was, whether the mill as constructed and used, with the steam escaping into the way, was a nuisance to the public travel. Evidence showing that it naturally frightened ordinary horses when being driven by it, was competent to show its effect upon the public travel, its character and its capacity to do mischief. Its effect on horses was not dependant upon the acts of men, which may be the result of incapacity or negligence, but

was caused by action of the inanimate thing upon an animal acting from instinct. It was not to show that other parties were injured at the same place by the same cause, and is, therefore, distinguishable from cases against towns for injury from defects in a highway, in which this court has held that evidence of accidents to others at the same place is inadmissible, because it raised too many collateral issues. Here the only issue is the effect of the sight and sound of the steam upon ordinary horses, as tending to show that travel over the way was thereby rendered dangerous. *Hill* v. *P. & R. Railroad Co.* 55 Maine, 439 ; *Burbank* v. *Bethel Steam Mill Co.* 75 Maine, 373. We think the competency of the evidence rests upon the same principle as evidence, in actions against railroad corporations for damage by fire, alleged to have been set by coals or sparks from a passing locomotive, that the same locomotive, or others similarily constructed and used, have emitted sparks and coals, and set fire at other places and on other occasions. It tends to show the capacity of the inanimate thing to do the mischief complained of. *Grand Trunk R. Co.* v. *Richardson*, 91 U. S. 454 ; *Whitney* v. *Inh's of Leominister*, Mass. Supreme Court, not yet reported. 17 Rep. 173.

We have carefully examined the evidence reported, upon which the motion to set aside the verdict is based ; and while we think the verdict might properly have been for the defendant, still there is sufficient in favor of the plaintiff, if the jury believe it, to authorize the verdict for her. We cannot say that the verdict is so clearly wrong as to require the court to set it aside.

*Exceptions and motion overruled.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.