BIRDIE GOLDEN, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 2, 1900.

1. **Roads and Highways:** NUISANCE ON SIDE: FRIGHTENING HORSES. A railroad in repairing a bridge piled the old lumber on the roadside about the line of its right of way and left it there for about two weeks when it frightened a traveler's team which ran away and injured plaintiff who was riding in the buggy. Held, defendant was liable for the damages.

2. ——: ——: ——: REASONABLE TIME. The side of a high: way may be used for other purposes than public travel for benefit of abutting property but objects calculated to frighten horses should be removed within a reasonable time.

3. ——: ——: ——: EVIDENCE. Where the pleading raises the issue whether a given object on the highway side is calculated to frighten horses, evidence that it had frightened other horses than those involved in the case on trial, is admissible just as in a fire case evidence that the engine in question had set out other fires on same trip is permitted.

4. ——: ——: ——: INSTRUCTIONS. Where the issue is whether certain objects on the roadside are calculated to frighten horses an instruction that it must have the "necessary effect" to frighten them is too broad, "probable" is the better word; and an instruction omitting the hypothesis that such objects frightened the horses is well refused.

Appeal from the De Kalb Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*Brown & Dolman* for appellant.

(1) There was no substantial evidence to support the plaintiff's cause of action, and the court erred after all the

evidence was in, in refusing to direct a verdict for the defendant as it requested. Hewitt v. Steele, 136 Mo. 327; Long v. Moon, 107 Mo. 334; Avery v. Fitzgerald, 94 Mo. 207. (2) The whole evidence proves, beyond question, that the team was frightened at the train and not at the boards and "where the evidence is of that character that the trial judge would have a plain duty to perform in setting aside the verdict as unsupported by the evidence, it is his duty and his prerogative to interfere before submission to the jury and direct a verdict for the defendant." Jackson v. Hardin, 83 Mo. 175; Powell v. Railroad, 76 Mo. 84; Landis v. Hamilton, 77 Mo. 554. And where the trial court refuses to do it this court will. Long v. Moon, 107 Mo. 334; State v. Young, 119 Mo. 495. (3) The defendant offered no evidence as to the character of the pile of boards in question; as to its size, location, character and appearance; plaintiff's evidence is undisputed, and there being no evidence that the pile of boards were frightful or were so placed as to be well calculated to and naturally would frighten horses of ordinary gentleness, the court should have instructed the jury to find for the defendant. Railroad v. Loree, 4 Neb. 446; Gilbert v. Railway, 51 Mich. 488; Railway v. McManus, 38 S. W. Rep. 241; Piollitt v. Simmers, 106 Pa. St. 95, 110; Dimock v. Town of Suffield, 30 Conn. 129; Ayer v. City of Norwich, 39 Conn. 376; Card v. Ellsworth, 65 Me. 547; Nichols v. Athens, 66 Me. 402. (4) The court erred in admitting, over defendant's objection, evidence of other horses than plaintiff's, at different times and upon different occasions being frightened at the pile of boards in question. Railway v. Wyant, 35 Am. and Eng. Railway cases, 328; Piollitt v. Simmers, 106 Pa. St. 95; Bloor v. Town of Delafield, 69 Wis. 273; Parker v. Publishing Co., 69 Me. 173, citing a long list of authorities; Railway v. Wyant, 35 Am. and Eng. Ry. Cases, 328; Hudson v. Railway, 59 Ia.

581. (5) The court erred in refusing to give to the jury defendant's requested instruction number 2. Gilbert v. Railway, 51 Mich. 488; Railway v. Loree, 4 Neb. 446; Railway v. McManus, 38 S. W. Rep. 241. (6) The court erred in refusing to give defendant's requested instruction number 6. Evers v. Shumaker, 57 Mo. App. 454; McMahon v. Express Co., 132 Mo. 641; Cameron v. Hart, 57 Mo. App. 142.

*Wm. Henry* and *Elton T. Harris* for respondent.

(1) Every unreasonable use of a public highway, that obstructs or endangers the safety of the travel over it, is a nuisance, and actionable in favor of every person sustaining special injury or particular damage therefrom. Addison on Torts [Woods Ed.], 259 and note 2; Stephani v. Brown, 57 Ill. 428; Chicago v. Robins, 2 Black U. S. 118; Clark v. Fry, 8 Ohio St. 359; Runagon v. Schenck, 23 Wend (N. Y.), 446. (2) And so any object in a highway which does not prevent passage, but renders it dangerous from its tendency to frighten horses, is a nuisance (Cooley on Torts, 617); and so it results that it is actionable as a nuisance to place anything in or near a highway calculated to frighten horses of ordinary gentleness. Jones v. Railroad, 107 Mass. 261; Judd v. Fargo, 107 Mass. 264; House v. Metcalf, 27 Conn. 631; Knight v. Goodyears, 9 Am. Rep. 406; Elliott on Roads and Streets, 482; Cooley on Torts, 617; 9 Am. and Eng. Ency. of Law, 386; Bartlett v. Hocksett, 48 N. H. 18; Dickey v. Telegraph Co., 8 Am. Law Reg. (O. S. 358; Cairncross v. Villa of Pewaukee, 47 N. W. Rep. 13; Wilson v. Town of Spafford, 10 N. Y. S. 649. (3) Evidence that other horses were frightened at the object about the same time is admissible as bearing on the question whether the object in question was calculated to frighten horses of ordinary gentleness. Wilson v. Town of Spafford, 10 N. Y. S.

649; House v. Metcalf, 27 Conn. 631; Knight v. Goodyears, 9 Am. Rep. 406; Crocket v. McGregor, 76 Me. 282; Darling v. Westmorland, 52 N. H. 401; Gordon v. Railroad, 58 N. H. 396; Lewis v. Railroad, 60 N. H. 187; Piollett v. Simmers, 106 Pa. St. L. C. 111; Hill v. Railroad, 55 Me. 443; Matthews v. Railway, 142 Mo. 657; Campbell v. Railway, 121 Mo. loc. cit. 348, 350; Poggensee v. Ins. Co., 69 Iowa 159; Bloomington v. Legg, 151 Ill. 9; District of Columbia v. Armes, 107 U. S. 424; Morse v. Railroad, 30 Minn. 465; Hoyt v. Railroad Co., 118 N. Y. 399; Railroad Co. v. Alexander, 93 Ala. 133; Brewing Co. v. Bauer, 50 Ohio St. 560; Phelps v. Railroad, 37 Minn. 485; Colorado M. & I. Co. v. Rees, 21 Col. 435. In is in the nature of the ascertaining of the truth of an hypothesis by proof of various experiments made under similar circumstances, which in many cases is said to amount to practical demonstration of the nature and character of a thing. People v. Levine, 85 Col. 39; Smith v. State, 2 Ohio St. 511. (4) And on the same principle, when the condition of any place or anything at a particular time is in question, it is competent to show its condition within a reasonable time before or after that time. Swadley v. Railway, 118 Mo. 279; Stoher v. Railway, 91 Mo. 517. And on the same principle evidence of acts of a kindred character about the same time and place is admissible to prove the motive for the act in issue. Wood v. United States, 16 Pet. 312; State v. Bayne, 88 Mo. 609; State v. Wilson, 143 Mo. 346; State v. McLeod, 136 Mo. 109. (5) The instruction number 2, prayed by defendant and refused by the trial court, contains an absurd proposition, is against the overwhelming weight of authority and is condemned in the case of Wilson v. Town of Spafford, 10 N. Y. S. 649, and is inconsistent with all the authorities cited under proposition I above, and scores of other cases too numerous for convenient citation. (6) The instruction number 6 prayed by

defendant and refused by the lower court, was properly refused. Munger v. City of Sedalia, 66 Mo. App. 629.

ELLISON, J.—This action is for personal injury and plaintiff prevailed in the trial court.

Defendant's servants were engaged in repairing a bridge which was the crossing of a public highway over its tracks, its trains passing thereunder. In making these repairs a number of old boards were taken out and piled in the weeds on the side of the highway within a few feet of the traveled track. · After being permitted to remain for something more than two weeks, plaintiff with her mother and brother was passing along the highway in a buggy drawn by two horses and driven by the brother. As they came within forty or fifty yards of the bridge they noticed a train passing under it and stopped until the train had passed by. They then proceeded towards the bridge when, on getting near, the horses became frightened at the pile of lumber, whirled around and ran away.

As the horses were backing and turning, the brother jumped out in order to take hold of their bridles, but failed to do so. The mother then jumped out and the horses ran on with plaintiff in the buggy to a point where she, fearing she might be killed, also jumped out and was badly hurt. The injury and its extent are not questioned. That the injury was occasioned by the horses scaring at the lumber has been determined, as a question of fact, by the verdict.

But the defendant contends that it is not responsible or liable therefor. We have no hesitation in ruling the point against defendant. Judge Cooley in his work on Torts, 617, says: "Objects in a highway, which do not prevent passage, but render it dangerous from the tendency to frighten horses are nuisances. But when the object is something employed to facilitate travel or traffic on the highway, the question

whether it is a nuisance is seen to be one which is not susceptible of being determined on the single consideration of its tendency to frighten horses of even ordinary gentleness * * * but if injury occurs from their use, the question the injury presents is whether, under all the circumstances, there is fault imputable to some one, and if so, who should be held accountable for it." Another text writer says that: "An object on the side of a highway or in close proximity thereto, of such a character that it is naturally calculated to frighten horses of ordinary gentleness may constitute a nuisance." Elliott on Streets and Roads, 482.

In Jones v. Railway, 107 Mass. 261, the defendant maintained a derrick for loading freight which projected "over the highway so as naturally to frighten horses" being driven thereon with due care. It was held that liability was incurred for resulting injury. The same rule was applied where a pig sty was maintained within the limits of a highway, and which frightened the plaintiff's horse. Bartlett v. Hooksett, 48 N. H. 18.

In this case the place where the boards were piled was at the intersection of the highway and the defendant's right of way. They were placed at a point where they may be said to have been on both the highway and the right of way. We will therefore readily concede that defendant had the right to place them there, upon taking them from the bridge; and that if this accident had happened before there had been any reasonable opportunity to remove them, plaintiff would have been without remedy. But defendant had no right to leave them in such position for a longer time than was necessary to have them taken elsewhere; and when it did so it was guilty of maintaining a nuisance and is clearly liable for injuries caused thereby. Judd v. Fargo, 107 Mass. 264, a case where a farmer left his sled loaded with tubs, in the highway and where the question was whether he had

so left them an unreasonable length of time before unloading. Here, the boards were allowed to remain in that place for a space of sixteen days, and certainly no fault can be found with the verdict of the jury in saying that was an unreasonable time.

Defendant complains of the action of the court in admitting evidence that other gentle horses had become frightened at the boards during the time they were left at that place. The evidence was offered to show the character of the object of complaint, and was not to try collateral matter. If leaving an object in the highway which is calculated to frighten horses is a wrong and the question is made whether such object is so calculated, what better evidence can be had of that than actual experiment? The great weight of authority favors the ruling of the trial court. Crocker v. McGregor, 76 Me. 282; House v. Metcalf, 27 Conn. 631; Gordon v. Railway, 58 N. H. 396; Hill v. Railway, 55 Me. 438; Darling v. Westmoreland, 52 N. H. 401. The case last cited was like this, where a pile of lumber had been left "by the side of the road," and the court held it error to exclude evidence of its frightening other horses.

We recognize that a public highway or street is not exclusively for travel thereon; that they may be used temporarily for placing material and for other purposes connected with the adjoining property. But this will not justify conduct like that of which defendant has been guilty. Piollett v. Simmers, 106 Pa. St. 95.

But, recurring to the question of such evidence being admissible, it has been likened in cases against railways, to the admission of evidence of other fires communciated by like engines. This has been held competent to establish that the particular engine in question emitted the sparks and caused the fire. Crocker v. McGregor, 76 Me. 282; Trunk

Railway v. Richardson, 91 U. S. 470. So in this state it has been held that on the question whether a particular engine set the fire, evidence of its setting other fires on the same trip was properly admitted. Patton v. Railway, 87 Mo. 117; see, also, Campbell v. Railway, 121 Mo. 348.

So the evidence complained of may be likened to evidence of defective machinery or appliances having caused other accidents than the one on trial. In City of Bloomington v. Legg, 151 Ill. 9, a public fountain and place for horses attached to vehicles to drink was so constructed that the horses' bridles were liable to be caught and pulled off. This happened to one of the horses of Legg and the team ran away and killed him. The court said:

"This court has held such evidence competent, not for the purpose of showing independent acts of negligence, but as tending to show the common cause of these accidents is a dangerous, unsafe thing. Where an issue is made as to the safety of any machinery or work of man's construction which is for practical use, the manner in which it has served that purpose, when put to that use, would be a matter material to the issue, and ordinary experience of that practical use, and the effect of such use, bear directly upon such issue. It no more presents a collateral issue than any other evidence that calls for a reply which bears on the main issue. Such evidence is held competent by the weight of authority." For the same holding see: District of Columbia v. Armes, 107 U. S. 519; Morse v. Railway, 30 Minn. 465; Hoytt v. Railway, 118 N. Y. 399; Railway v. Alexander, 93 Ala. 133; Brewing Co. v. Bauer, 50 Ohio St. 560; Mort. Co. v. Rees, 21 Col. 435.

There is no just ground of complaint as to the action of the court on the instructions. Those given for the respective parties fully covered the issues. Instruction number 2 refused for defendant was erroneous in making it incumbent

on the jury to find that piling the boards at that place had the "necessary effect" to frighten horses. This was too broad. "Probable" would have been the better word. "Necessary," in that connection, means that it was absolutely certain to scare horses. It was rightly refused. Number 6 was also well refused for the reason that it omits the hypothesis of the lumber being the cause of the fright. It is framed in great part as though the action was for an injury at a crossing.

We are satisfied that no cause exists against the judgment and it will be affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.