Kearns v. The Chicago, Milwaukee & St. Paul R'y Co.

---

KEARNS v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Railroads**: INJURY TO BRAKEMAN: ERECTION NOT PERTAINING TO RAILROAD: DUTY OF EMPLOYE TO LOOK FOR: NEGLIGENCE IN MAINTAINING. Defendant's station agent, who lived with his family in the station-house, had erected on the platform, near a side track, some posts, for domestic purposes solely, and plaintiff, a brakeman, while descending from a moving frieght car in the discharge of his duty, collided with one of the posts, and was injured. *Held* (1) that, as the posts were in no way connected with the use of the railway, plaintiff had a right to presume that there was no such obstruction there, and, in the absence of knowedge on his part that the posts were there, he was not negligent in not looking out for them; (2) that the defendant was negligent in allowing the posts to be erected and maintained so near the track as to add to the danger of employes.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, JULY 22.

ACTION to recover for personal injuries sustained by plaintiff while in the employment of defendant as a brakeman. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Burton Hanson* and *J. C. Davis*, for appellant.

*Cardell & Shortly*, for appellee.

BECK, CH. J.—I.   The plaintiff, while in the employment of defendant, and in the discharge of his duty as a brakeman upon a freight train, was required to assist in moving certain cars at a way station.   The cars to be moved were on a side track passing along the platform of the station-house, which was situated between the main track and this side track.   It was necessary for plaintiff to accompany the engine to the cars intended to be moved.   He rode upon one of the cars past the platform, and was required to descend by the ladder for the purpose of uncoupling the cars, or some of them, and, while in this act, he was struck by a post fixed in the platform about twenty inches from the car, and thereby sustained the injury of which he complains in this action.   The post, with others, had been erected by the station agent for the purpose of supporting a clothes-line used by his family living in a part of the station-house.   The posts were in no way connected with the use of the railroad.

II.   The jury, besides a general verdict for plaintiff, found specially that plaintiff rode past the posts just before he was injured; that he could not have seen them if he had looked in the proper direction; that upon again passing them, when he was injured, he could not have seen the posts in the exercise of ordinary care; that ordinary care required him, while riding on the side of the cars at the time of the accident, to " keep a lookout" in the direction he was riding, and that he did look in that direction while riding upon the side of the cars.

III.   Counsel for defendant first insists that the district court erred in not directing the jury to return a general verdict for defendant.   In our opinion, the special findings of the jury are not so wanting in support of the testimony that they should have been set aside.   The jury were authorized by the evidence to find that plaintiff did not know of the

existence of the posts, and that he exercised due care in looking in the direction he was riding.    These posts were in no manner connected with the use of the road, and plaintiff was not required to direct his attention to the discovery of dangers caused by impediments and structures in no way required in the operations of the road.    He was authorized to presume that no such obstructions were in his way, and he cannot be charged with negligence in failing to discover them.    We therefore conclude that the evidence authorized the conclusion that plaintiff was not chargeable with contributory negligence.

IV.    The evidence shows negligence of defendant in permitting the posts to be erected.    They were not useful in operating the railroad, and were not required in aid thereof. Railroad corporations ought not to be permitted to add to the perils of their employes engaged in operating trains, by erecting or permitting obstructions which are not connected with the use of their roads.    The ordinary perils of this class of employes ought not to be causelessly increased.    We conclude that the evidence sufficiently supported the general and special verdicts, and the district court did not err in refusing to direct a verdict for defendant, and in overruling the motion for a new trial.

V.    The refusal to give certain instructions is assigned as error.    Counsel attempt, by argument, to support but one of these instructions.    The others need not, therefore, be noticed.    This instruction is to the effect that if the posts were far enough from the side of the car so that plaintiff, in the exercise of ordinary care, could have safely rode past them, he cannot recover.    The instructions leave out of view the element of plaintiff's knowledge of the existence of the posts.    Unless he had such knowledge, he was not bound to exercise care to avoid danger resulting from the posts.    No one can be charged with negligence in failing to avoid danger of which he knows nothing.    Plaintiff was not chargeable with negligence in failing to keep his body out of reach of the post

when he did not know it was there, and, as we have seen, was authorized to presume that no such danger existed.

VI. The defendant complains that an oral instruction was given to the jury. But the alleged fact upon which the objection is based is not shown by the record.

The foregoing discussion disposes of all questions raised in the case. The judgment of the district court must be

AFFIRMED.