SIMEON TEWKSBURY, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, February 13, 1911.

1. PERSONAL INJURY: Street Car: Electric Pole. Where a
street railway company operated by electricity, plants its poles
for carrying the wire so close to the tracks as to endanger the
safety of the conductor in attending to the duties devolved
upon him, it is liable for an injury which he receives by being
struck by the pole as the car passed.

2. ———: ———: ———: Negligence: Contributory Negli-
gence: Assumption of Risk. Where a street railway company
operated by electricity, planted its iron poles within fifteen or
eighteen inches of the track, and where a conductor, while the
car was running, was endeavoring, by leaning out beyond the
car, to throw the trolley rope around the corner of the car
so that it would hang over the rear of the car, which was its
proper place, and was struck by the pole and injured. *Held*,
that the company's negligence and the conductor's contributory
negligence and assumption of risk were all questions for the
jury.

Appeal from Jackson Circuit Court.—*Hon. James H.
Slover*, Judge.

AFFIRMED.

*John H. Lucas* and *Boyle & Howell* for appellant.

(1)   The court should have sustained defendant's
demurrer to the evidence.   The plaintiff assumed the
risk as incident to his employment.   He had knowledge
of the location of the poles and was guilty of contribu-
tory negligence in leaning his head and body outside the
car.   Drake v. Railroad, 173 N. Y. 466; Blackstone v.
Railroad, 38 S. E. Rep. 70; Railroad v. Head, 92 Ga.
723; Railroad v. Kath, 232 Ill. 126, 15 L. R. A. (N. S.)
1109; Moore v. Railroad, 119 Tenn. 710, 109 S. W. 497.

(2) Plaintiff's instruction numbered 1p was erroneous. It is not predicated upon all the facts in the case, and assumes that the way plaintiff attempted to adjust the trolley rope was the only way in which it could be done, and that it was necessary then and there to do the way he did, in the manner he did it. Cases cited in 1; Fugler v. Boothe, 117 Mo. 475; Lucey v. Oil Co., 129 Mo. 32.   (3) Plaintiff's instruction, numbered 6p, was erroneous; it ignores the fact that plaintiff had knowledge of the location of the pole and its proximity to the tracks, and inferentially tells to the jury, that plaintiff had no knowledge thereof.   The language of the instruction is further so vague and indefinite as to leave the matter in such light before the jury as to leave them to conclude therefrom that the mere setting of the pole in close proximity to the track made the defendant liable, regardless of the knowledge of plaintiff of the condition or location thereof.   Rigsby v. Oil Co., 115 Mo. App. 297; Lee v. Railroad, 112 Mo. App. 372; Cordage Co. v. Miller, 12 Fed. 495; also cases cited under 1; Renfro v. Railroad, 86 Mo. 302; Price v. Railroad, 77 Mo. 508.   (4) The court erred in refusing to give defendant's instruction numbered C; this instruction submitted the issue of defendant's defense fairly and fully, and should have been given.   Shore v. American Bridge Co., 111 Mo. App. 278; cases cited in 1.

*Botsford, Deatheridge & Creason* for respondent.

(1) It was no part of plaintiff's duty to make a special examination to ascertain the proximity of the poles to the car.   He had the right to assume that defendant had placed them at a safe distance from the track so they would not strike him while in the performance of his ordinary duties.   He did not assume the risk of defendant's negligence.   Murphy v. Railroad, 115 Mo. 116; Young v. Oil Co., 185 Mo. 634; Smedley v. Railroad, 118 Mo. App. 103; Lee v. Railroad, 195

Mo. 400; Devlin v. Railroad, 87 Mo. 545; Waldhier v. Railroad, 87 Mo. 37; Huhn v. Railroad, 92 Mo. 447; Hamilton v. Mining Co., 108 Mo. 375; Whipple v. Railroad, 35 Atl. Rep. (R. I.) 305; Railroad v. Davis, 92 Ala. 300. (2) Under the evidence in this case, it was for the jury to say whether or not plaintiff was guilty of contributory negligence. Murphy v. Railroad, 115 Mo. 116; Young v. Oil Co., 185 Mo. 634; Smedley v. Railroad, 118 Mo. App. 103; Whipple v. Railroad, 35 Atl. Rep. 305. See also other cases cited under point 1.

ELLISON, J.—Plaintiff was an employee of the defendant as a conductor on one of its street railway cars. He was injured while in such service and brought this action for damages. He recovered judgment in the trial court.

It appears that defendant's street railway is operated by electricity and that what is called a trolley pole extending to the overhead wire, has a rope reaching from the end of the pole to the rear vestibule, where it is tied to the car. This rope would sometimes get loose or would hang so loosely that it would be blown by the wind around on the side of the vestibule and get in the way of incoming or outgoing passengers, and it was the duty of conductors to go to the door or opening in the vestibule and throw it around the end of the car so that it would hang in the rear. The electric wires were supported by iron poles on each side of the track, and the charge of negligence is, that at the point where plaintiff was hurt, these were placed too close to the track, so close that it was unsafe and dangerous for one to lean out from the car while in motion.

The evidence showed that the distance of the iron pole from a passing car is seventeen or eighteen inches. It further showed that while the car was running north on the east track, plaintiff observed that the rope had gotten around onto the east side of the vestibule, and he took hold of it, leaned out with his head and body

so as to be able to throw it around the end of the roof of the car to its proper position. While so engaged, being rapidly carried by the running car, his head and shoulder struck one of these upright iron poles with such force as to knock him from the car and inflict serious and permanent injury.

The defense may be said to be two-fold; contributory negligence and assumption of risk. The evidence showed that plaintiff had been in defendant's services as a conductor for nearly a year. He had, of course, seen the poles and observed their position, but it had not occurred to him that they were in dangerous proximity. He was endeavoring to throw the rope around the end of the car in the way all of the conductors on the line did it. "It was the way I had always done it, and the way I was instructed by the man that learned me."

The trial court was right in concluding that the questions of defendant's negligence and plaintiff's contributory negligence and assumption of risk, were for the determination of the jury. Neither appeared so clear and indisputable as to authorize a declaration as a matter of law. [Murphy v. Railroad Co., 115 Mo. 111; Young v. Oil Co., 185 Mo. 634; Lee v. Ry. Co., 195 Mo. 400.] The first of these cases is much like the one under consideration. There, an engineer got out of his cab onto the side of the tender and was attempting to tighten a nut so as to stop a leak. As the train passed over a road crossing he struck the end of a cattle-guard fence and was knocked off. He knew the way the fences were built, but had not had his attention called to their danger. It was held that the question of negligence on the part of the railway company and contributory negligence and assumption of risk on the part of the engineer, were for the jury.

The same view is taken in similar cases arising in the courts of other states. [Whipple v. Ry. Co., 19 R. I. 587; Ry. Co. v. Davis, 92 Ala. 300; Ry. Co. v. Man-

sell, 138 Ala. 548; Nugent v. Ry. Co., 80 Me. 62; Kearns
v. Ry. Co., 66 Iowa 599; Ry. Co. v. Russell, 91 Ill. 298;
Ry. Co. v. Thompson, 210 Ill. 228.] There cases involve
obstructions such as telegraph poles and the like so near
the track as to cause injury to employees. They afford
ample support to the ruling of the trial court.

Criticism is made of plaintiff's first and sixth in-
structions, but we think it not well founded. The first
one does not assume things in issue; nor does the sixth.
When the latter is read in connection with the seventh,
it will be seen that the jury could not have been misin-
formed, misled or confused. And when all the instruc-
tions are considered, there is no room left for a sup-
position that the jury was not given a full understand-
ing of the issues involved. The judgment is affirmed.
All concur.