HELEN KELLEY, by next friend, Respondent, v. THE PARKER-WASHINGTON COMPANY, Appellant.

**Kansas City Court of Appeals, May 30, 1904.**

1. **NEGLIGENCE: Dangerous Machinery in Street: Trespassers: Infants.** It is negligence for the owner to leave dangerous machinery on his premises in a condition likely to cause injury; and a contractor for grading a street who leaves a scraper in the street liable to inflict injury on children attracted thereby, is guilty of negligence and such children are not trespassers, since the contractor's possession of the street is not exclusive.

2. ———: **Evidence: Usual Mode of Doing Things.** The usual and ordinary mode of doing a thing which has proved safe is a test of diligence; but where the thing done is dangerous, evidence of a general practice in that respect and its freedom from harmful effects is not admissible.

Appeal from Jackson Circuit Court.—*Hon. S. C. Douglass,* Judge.

AFFIRMED.

*H. B. Walker* and *R. E. Ball* for appellant.

(1) The objection to the introduction of any testimony under the petition should have been sustained and the peremptory instruction, asked by the defendant at the close of plaintiff's testimony, that plaintiff was not entitled to recover under the pleading and proof, the same request for an instruction at the close of all the evidence, should have been given, and the motion in arrest of judgment should have been sustained. Riley v. Railroad, 68 Mo. App. 652; Smith v. Packing Co., 82 Mo. App. 9; Barney v. Railroad, 126 Mo. 372; Moran v. Car Co., 134 Mo. 641; Young v. Railroad, 93 Mo. App. 267. (2) Even if the court should have sent the case to the jury, it held in rejecting and excluding the testimony repeatedly offered, of experienced witnesses, to the effect that as long and as generally as scrapers of this kind had been used and handled in the same way that defendant used and handled the one on which the plaintiff was injured, no injury of any kind had ever resulted to children playing on and attracted by them. This evidence was competent, as bearing on the question of whether defendant could have reasonably apprehended that this plaintiff, or any other child, might get on the scraper and be injured. This proof was offered and excluded.

*Karnes, New & Krauthoff* for respondent.

(1) The third error assigned, namely, that the trial court improperly excluded the testimony of witnesses Comstock and Lynch with reference to their knowledge of previous accidents of the same kind, was likewise ignored by the counsel in their brief. There can be no serious contention that evidence of the infrequency of similar accidents was utterly incompetent and irrelevant. Marvin v. Bedford, 158 Mass. 464; Railroad v. Kemper, 153 Ind. 618; Field v. Davis, 27 Kan. 400;

Association of Trenton v. Giles, 33 N. J. L. 260. (2) Since the ruling of the trial court overruling the demurrer to the plaintiff's evidence, the question of there being any substantial evidence to establish the plaintiff's cause can not be considered by the trial court upon the record. The only question now properly before this court is the question of the correctness of the instructions given by the court. It is not open to question that there was a preponderance of evidence to establish every issue submitted to the jury in plaintiff's favor.

BROADDUS, J.—Appellant's statement of the case follows:

"The defendant had a contract with Kansas City, Missouri, to pave Illinois avenue between Twelfth and Thirteenth streets, and in order to perform that contract it was necessary to grade the roadway of the street so that the pavement, when laid, would conform to the established grade line. On the morning of August 6, 1902, defendant commenced this work of grading with a number of wheel scrapers. Defendant's employees arrived on the street and began operations about 8 o'clock in the morning. Expecting to procure an additional team to those they already had, they hauled onto the street an extra scraper which was left at the east side of the roadway on Illinois avenue about eight or ten feet out in the street from where the curb line is, and about twenty-five or thirty feet from the residence of plaintiff's parents, which was located on the east side of Illinois avenue between Twelfth and Thirteenth streets and fronting west. This extra scraper was what is known as the Royal No. 2, manufactured by Smith & Sons, the owners of the patent, and was then and still is the most approved appliance for doing that kind of work. It was left at the place stated from about 8 o'clock in the morning of August 6 until the accident happened to the plaintiff about noon. It was left during this time in the condition in which it was hauled

there, that is, with the pan up, which all the evidence shows was the customary position in moving the scraper from place to place. The upright position of the pan is maintained by a lever fastened down on the front platform by a pedal catch which may be released by the operator with his foot when it is desired to lower the pan to a horizontal position for loading. To hold the pan firmly in this position while loading, there is a brace-bar with a hinge in it, and this brace, when the pan is up, crooks or elbows at this hinge, and when the pan is down it straightens out into a right line and has a catch whereby it is held rigidly in that position. Above the hinge the brace-bar is double in construction, and below it is single, the last part of the bar projecting above the hinge, and when the pan is lowered, this projection comes in between the portions of the double bar and in right line with them and is the means of fastening the bar into a rigid position. About noon on August 6, the plaintiff, a little girl about five years old, had climbed onto this scraper and taken her seat on top of the pan. Her little brother, a year or so younger, was playing in the street where defendant's employees were working, and as two of the scrapers were returning from Twelfth street, where they had been to dump their load, the boy, to get out of the way of the approaching teams, ran and jumped upon the front platform of the scraper, and in doing so, stepped on the pedal which released the lever and the pan dropped. The little girl (plaintiff) fell into the pan, and in doing so, caught her hand in the hinge of the brace-bar. Her little finger was severed almost entirely at the body of the hand; her third finger at the middle joint; and her middle finger at the first joint from the end. Amputations were necessary and were made of the fingers at the points stated.''

The charge of negligence made in the petition is that, defendant did not secure the lever so that the pan could not fall and did not guard the scraper in any way

so that children might not be injured thereon.   Two of defendant's contentions may be considered together, viz.:   That the petition did not state a cause of action; and that the court committed error in not sustaining defendant's demurrer to the evidence.   The allegations of the petition were sufficiently proved; therefore, if the petition stated a cause of action, plaintiff was entitled to recover and defendant's contentions fail.

It has been held that a railroad company owes a trespasser upon its track the only duty of not wantonly or carelessly injuring him.   Riley v. Railway, 68 Mo. App. 652.   And "A lessee of private premises with only permission to pile ashes and cinders thereon, is not liable to an infant who is burned while running over said ashes to reach boys fishing at a nearby pond on the premises, and is not guilty of negligence in not fencing the pond, even though it may tend to attract children.   Parties entering such private premises without invitation are trespassers, whether young or old, and the proprietor owes them no duty save not to negligently injure after discovering them."   Smith v. Packing Co., 82 Mo. App. 9.   "A railroad company owes no duty to trespassers in its yards, regardless of age, except that of not wantonly or recklessly injuring them after having discovered them to be in peril."   Barney v. Railway, 126 Mo. 372.   "The owner of a lot in a city who failed to fence the same is not liable in damages for the death of a boy who entered upon the premises without invitation or permission, and was drowned while bathing in a pond on a lot."   Moran v. Car Co., 134 Mo. 641.

But it has also been held; "It is negligence on the part of a railroad company to omit to secure its turntables so that children can not revolve them.   If a child is injured in consequence of such omission the company will be liable," etc.   Nagel v. Railway, 75 Mo. 653.   And while the rule that, "the owner of property is under no obligation to keep it in a condition which will insure

the safety of persons who go upon it without license or invitation. Yet, an exception to the above rule exists where the owner permits upon his premises dangerous machinery or other dangerous things likely to attract children, and does not place guards around the same so as to prevent injury to such children.'' Schmidt v. Distilling Co., 90 Mo. 284.

The distinction seems to be, that it is negligence for the owner to permit on his premises dangerous machinery in a condition likely to cause injury. The case at bar falls under the latter rule; and besides, it has another element to distinguish it from the cases first cited, in that the plaintiff was not a trespasser. It is true, the defendant was in possession of the street making the improvements, but it was not an exclusive possession as to persons whose business or inclinations might induce them to be there and while their presence did not interfere with the work.

The defendant offered and the court excluded evidence to show that as long as scrapers of the kind in question had been used and handled in the same way in which defendant handled the one on which plaintiff was injured, no injury had ever resulted to children playing on or attracted by them. This is an attempt to make a novel application of an old rule, that the usual and ordinary way of doing a thing which has proved safe is a test of diligence. This is equivalent to saying that leaving dangerous machinery without any safeguards against danger is not negligence because no one as yet has been injured from such a cause, although the machinery in such a condition is a standing menace to the safety of persons who may unknowingly come in contact with it. We are not aware of any holding by the courts that the omission to perform a reasonable duty has been made a test of diligence, however general the practice in that respect may have been, and however free from harmful effects. It is unnecessary to illustrate the legal results of such a rule.

Various instructions offered by defendant were refused by the court. As all of them were in conflict with this opinion it is not necessary to give them further notice. There does not appear to be any question but what the scraper in the condition in which it was left was a dangerous machine liable to inflict injury to children who might either intentionally or otherwise release the lever that controlled the dirt pan. The facts being undisputed, it was a question of law whether the defendant was negligent, as charged, and there was really nothing for the jury to do but to ascertain the amount of compensation due the plaintiff for the injury sustained by the negligent act of defendant. Affirmed. All concur.