# ORDELHEIDE et al. v. BERGER LAND COMPANY et al., Appellants.

### Division One, December 24, 1907.

1. **NEW TRIAL: Reasons Assigned.** The statute requiring the trial court to specify in its order the ground on which a new trial is granted in a law case is a substantial right of the losing party, and that right is not accorded to him by a general, vague statement which specifies nothing. "Error in finding of facts and law" is not a compliance with the statute.

2. —————: —————: **One New Trial.** The discretion of the trial court in granting one new trial does not mean that the order of the court will not be reviewed on appeal. Even when the new trial is granted on alleged error in the finding of facts, whether by the jury or the court sitting as a jury, if the evidence is such that in no view of it could a verdict for the party in whose favor the new trial was granted be sustained, then the ruling of the trial court will be reviewed on appeal, although it is the first new trial granted.

3. **EJECTMENT: Insufficient Description.** A petition describing the land simply as "all of Island 63 in the Missouri river, except eighty acres off the upper end sold to Wehmeyer," is too indefinite.

4. —————: —————: **Evidence.** The suit was for "all of Island 63 in the Missouri river, except eighty acres sold to Wehmeyer." The evidence showed an assessment roll of thirty-five acres undescribed assessed to Withaus and thirty-five acres to defendant, and a judgment for taxes against Withaus and a tax deed under which plaintiffs claim. The surveyor testified that he surveyed the island, ran a line that was called for in defendant's deed entirely across it, and found on the east side of the line thirty acres and forty on the west. The only indication of title in Withaus was a quitclaim deed conveying him all grantor's "interest in northwest part of Island 63," and it was not shown whether or not that northwest part was the same or any part of the "eighty acres off the upper end sold to Wehmeyer." No attempt was made to trace the Government title into Withaus, nor that he was ever in possession. *Held*, there was nothing to identify the land sued for as that belonging to Withaus, and no verdict for plaintiffs could be permitted to stand, and the court erred in granting them a new trial.

Appeal from Warren Circuit Court.—*Hon. H. W. Johnson*, Judge.

REVERSED AND REMANDED (*with directions*).

*Jesse H. Schaper* and *J. W. Delventhal* for appellants.

The trial court committed error in granting plaintiffs a new trial because under the pleadings and undisputed evidence in the case the judgment for defendants was for the right party. (1) The undisputed evidence shows that Island No. 63 in the Missouri river, in section 6, township 45, range 3 west, in Warren county, Missouri, did not, at the date of the trial of this case, contain more than 75 acres. And that 40 acres off of the upper end was and is in possession of one not a party to this suit, and that the lower end, containing 35 acres, was and is in the actual possession of defendants claiming title under deeds from divers persons who have been successively in possession and claiming ownership since the year 1865. (2) The undisputed evidence shows that the land sued for was not in existence at the date of the trial, and that if it ever was in existence, the river washed it away before the commencement of this suit. Homuth v. Railroad, 129 Mo. 642; Fitzjohn v. Railroad, 183 Mo. 74.

*C. E. Peers* for respondents.

There is but one question for this court to consider and determine in this appeal. From the elaborate statement and brief of appellant, one would be justified in presuming that the whole case is to be retried in this court, and a finding and verdict had on the facts. We do not consider that to be the law. If we understand the matter, this court will, from the record and finding of the trial court, determine whether the trial court abused its discretion in sustaining the motion for a new trial. If it did not so abuse its discretion then the judgment will be affirmed, other-

wise it will be and should be reversed. We submit that, in granting a new trial in this case, the circuit court exercised a discretion which is vested in it, and which this court will not review, except when arbitrarily exercised. This can not be said fairly in this case, nor do we understand the appellant as putting his appeal on that ground. This court will not weigh conflicting evidence in actions at law to determine where the weight of evidence is. This proposition is so well grounded that authorities are unnecessary to be cited. We concede that there is evidence to support the theory of each party hereto. The trial court after prolonged consideration and examination made up its mind that its finding was wrong. If he thought so, he would have been derelict in his duty if he had failed to do as he did. There is nothing to show in the record that the trial court abused its discretion; that he was actuated by prejudice, ill will or partiality; and, in the absence of such showing, this court will not reverse the judgment.

VALLIANT, P. J.—This is an appeal from an order sustaining a motion for a new trial. It is an action in ejectment for the possession of land described in the petition as: "Island 63 in the Missouri river in section 6, township 45, range 3 west, except eighty acres off the upper end sold to Wehmeyer, all in Warren county, Missouri."

Defendants in their answer say that they are in possession and are the owners in fee of all that part of the Island lying southeast of a line specifically described in the answer.

On the trial the plaintiffs introduced the following documentary evidence, to-wit: 1. A quitclaim deed from one Ferdinand Withaus, December 10, 1892, to John Withaus to all the grantor's "interest in the

northeast part of Island No. 63, section 6, township 45, range 3 west in the Missouri river." The deed was duly recorded. 2. A judgment in a suit wherein the State of Missouri at the relation of the collector of revenue of Warren county was plaintiff and John Withaus or his unknown heirs were defendants, for delinquent taxes, amounting to $6.24, for the years 1893, 1894 and 1895, against land described as follows: "Island No. 63 in the Missouri river, in section 6, township 45, range 3 west, except eighty acres off the upper end sold to Wehmeyer." 3. The original petition in that case in which the land is described as shown above in the judgment, and two summonses for John Withaus, one to St. Louis county, the other to Warren county, both returned not found. 4. Order of publication against John Withaus if living or his unknown heirs if dead. 5. Sheriff's deed under that judgment, October 26, 1898, conveying the land as last above described to the plaintiffs in this suit.

The oral testimony for the plaintiff showed that there never was any particular part of the island assessed to John Withaus, or for that matter to anyone; it was assessed as 35 acres in Island 63 to Withaus and thirty-five acres to Berger Land Company. Whether Ferdinand Withaus was ever in actual possession the evidence does not show, but it does show that John Withaus was never in possession of any part of it and never paid any taxes on it; after he got his deed he granted some parties the right to graze cattle on it, but when they attempted to do so they were warned to keep off by a man named Thee, who claimed to be the owner, and they left. At the time of the suit for taxes John Withaus was living in St. Louis. He said he could not get a deed of good title and concluded to "let it go."

The plaintiff's testimony also showed that at the time this suit in ejectment was brought it was very

doubtful if any of the land they claimed was in exist-ence, the river had washed away first one end of the island then the other, and first one side and then the other, and afterwards made accretions where it had before made erosions so that little of the island as it was when John Withaus got his deed was in existence when this litigation commenced.

Defendants' testimony tended to show a good title, by adverse possession at least, to that part of the land specifically described in their answer, but it is not necessary to set it out in this statement.

The cause was tried by the court without a jury, there were no instructions given and none asked ex-cept one in the nature of a demurrer to the evidence which the defendants asked at the close of the plain-tiff's evidence and which was refused, and exception taken. The finding was for the defendants, but the court afterwards sustained the plaintiff's motion for a new trial and being requested by defendants to specify the grounds stated in the order, assigned, "Error in finding as to facts and law." From that order the defendants have appealed.

I. The object of the statute in requiring the trial court to specify in the order the ground or grounds on which the new trial is granted is for the enlighten-ment of the losing party and of the appellate court. It is a substantial right which the statute gives the losing party and the trial court has no right to deprive him of it. The party has the right to know what the real cause is and he is not accorded that right by a general vague statement that specifies nothing. "Error in finding as to facts and law" is not a compliance with the statute.

II. It is insisted by respondents that the granting of one new trial is in the discretion of the court and will not be reviewed on appeal. That position cannot be sustained because it is in the face of the statute (sec.

.806, R. S. 1899) which says that the party aggrieved may take his appeal "from any order granting a new trial," which means as well an order granting a first new trial as a second.  The right of appeal from an order granting a first new trial would amount to nothing if the action of the trial court was not subject to review in the appellate court.  What we have said on the subject is that, if the first new trial is granted on the ground that the finding of the triers of the facts is contrary to the weight of the evidence, the ruling of the trial court will not be reversed if the testimony was conflicting and there was substantial evidence to sustain the trial court in its ruling, although we might differ from the trial court in its estimate of the weight of the evidence.  But even if the new trial is granted on alleged error in the finding of the facts, if the evidence is such as that in no view of it could a verdict for the party in whose favor the new trial was granted be sustained, then the ruling of the trial court will be reversed, although it is the first new trial granted. [Homuth v. Railroad, 129 Mo. 1. c. 642-3; Fitzjohn v. Railroad, 183 Mo. 74.]

III.  In no view of the evidence in this case could a verdict for the plaintiff be sustained.  In the first place the description of the land as it is given in the petition is vague and uncertain: all of Island 63 "except eighty acres off the upper end sold to Wehmeyer." There is no description given by which that 80 acres can with reasonable certainty be located.  What is the shape of the island or how many acres it contains the petition does not say.   Looking at the evidence it is doubtful if the island now contains eighty acres all together.  The plaintiff testified that the assessment roll showed thirty-five acres undescribed assessed to John Withaus and thirty-five to the Berger Land Company; if there was any more he did not mention it.  The county surveyor as a witness for defendants testified

that he surveyed the island in 1903, ran the line that was called for in defendant's deed entirely across the island and found that on the east side of the line there were thirty acres and on the west forty.

But the plaintiff claims under a sheriff's deed under a tax judgment against John Withaus, and the only indication of title in him is the quitclaim deed from Ferdinand Withaus conveying "all his interest in the northwest part of Island 63." Whether that northwest part was the same or any part of the "eighty acres off the upper end sold to Wehmeyer" we cannot find from the record. When the collector of revenue (who is one of the plaintiffs in this suit) came to file his suit against this land as the property of John Withaus he did not follow the description given in John's deed but described it as it is now described in the petition.

The evidence shows that this land was surveyed by the Government and duly platted, but the plaintiffs do not undertake to trace title from the Government to John Withaus under whom they claim but show only a quitclaim deed from Ferdinand to him without attempting to show any title in Ferdinand.

If it should be conceded that that deed was color of title on which a claim of adverse possession might be founded, it would avail the plaintiffs nothing because John Withaus never took possession, not only did he not take actual possession but, according to one of plaintiffs' witnesses, Simon Withaus, he abandoned all claim to it, "let it go," because he could get no title. Even if the deed from Ferdinand to John conveyed title to any land at all in the island there is nothing in this record to identify it with the land described in the tax judgment or the sheriff's deed.

There is nothing in the record to give the plaintiffs any standing at all.

The order sustaining the motion for a new trial is reversed and the cause remanded to the circuit court with directions to overrule the motion and enter judgment for defendants.

All concur.