BERT H. CHASE, Respondent, v. WABASH RAIL-
ROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

1. MASTER AND SERVANT: Negligence: Standing Switch.
A servant got on the steps of a moving car in the switch
yards, in the nighttime, intending to go inside and light it.
As he was opening the vestibule door with his feet on the lower
step, his heels sticking out beyond the step, they struck a
standing switch and threw him off, the car running over his foot.
The switch was shown by some evidence to be too close for
safe railroad management. There was evidence of distance
from the track and of height of the switch, with and without
the light. Different measurements did not agree as to the
distance. It was *held* that the question of defendant's negli-
gence in maintaining the switch in such proximity to the
track, was for the jury.

2. ———: ———: Evidence: Physical Facts: Measurements. Where the evidence for a plaintiff is contradicted by the physical facts, he cannot recover. But in arriving at a conclusion as to the force of physical facts, one must keep in mind the character of the dangerous agency. Thus if it involves a machine alone which works with rigid preciseness, a very slight difference in distance, as shown by measurements, might determine difinitely that the story told by witnesses was untrue. But this might not be so where a part of the controlling factors forming a cause are not stationary, some of them being the movement of persons.

3. ———: ———: ———: Evidence: Prior Accidents. In a case involving a question of negligence in keeping a switch too close to a railroad track, evidence in defendant's behalf that no accident or mishap had occurred at that place any time prior to the one in controversy, is not admissible.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*J. L. Minnis* and *Sebree, Conrad & Wendorff* for appellant.

(1) The evidence on the part of plaintiff is in conflict with physical facts. Zaloutchin v. Met. St. Ry. Co., 127 Mo. App. 584; Spiro v. St. Louis Transit Co., 102 Mo. App. 250; Spohn v. Railroad, 87 Mo. 74; Nicholson v. Cigar Co., 158 Mo. 159; Payne v. Railroad, 136 Mo. 562; Hook v. Railroad, 162 Mo. 569; Kelsay v. Railroad, 129 Mo. 362; Oglesby v. Railroad, 177 Mo. 272; Weaver v. Railroad, 60 Mo. App. 207. (2) There was no negligence on the part of defendant. Minnier v. Railroad, 167 Mo. 99; Chrismer v. Telephone Co., 194 Mo. 208; Bohn v. Railroad, 106 Mo. 433; Steinhauser v. Spraul, 127 Mo. 562; Blanton v. Dold, 109 Mo. 74; Blundell v. Miller Mfg. Co., 189 Mo. 552. (3) The risk of injury from switch stand was assumed by plaintiff. Jackson v. Railroad, 104 Mo. 457; Hollingsworth v. Biscuit Co., 114 Mo. App. 23. (4) Evidence of no previous accident was admissible. Kappes v. Shoe Co., 116 Mo. App. 167; Rodgers v. Meyerson Ptg. Co., 103 Mo. App. 689; Fuques v. St.

Louis, 167 Mo. 645. (5) Consideration of certain cases. Murphy v. Railroad, 115 Mo. 111; Charlton v. Railroad, 200 Mo. 419; Swearingen v. Railroad, 221 Mo. 661; George v. Railroad, 225 Mo. 364. (6) Instructions. Henson v. Stone Co., 131 S. W. 934.

*Reed, Yates, Masten & Harvey* for respondent.

(1) There can be nothing advanced against defendant's contention that if physical facts are in absolute conflict with the evidence upon which plaintiff relies for recovery, the case must be reversed. The authorities are not, and cannot be helpful in solving this contention, since each case must depend upon its own peculiar facts. By the argument hereafter presented we hope to demonstrate that there are no physical facts in the record of this case which stand in the way of respondent's recovery. (2) Appellant contends that there was no negligence on the part of the defendant. If the switch stand was placed and maintained by the defendant company in such close proximity to the track upon which its trains were operated as to render possible the happening of such an occurrence as was testified to by the plaintiff, then it goes without saying that such construction was a negligent construction. Tewksbury v. Street Railway, 134 S. W. 682, and cases therein cited; Charlton v. Railroad, 200 Mo. 413; George v. Railroad, 225 Mo. 364. (3) There is and can be no question of assumed risk in this case. A servant never assumes any risk arising from the master's negligence. This question has recently been most fully considered by our Supreme Court and the law most definitely fixed. Jewell v. Bolt & Nut Co., 132 S. W. 703. This case so fully considers the law upon this question and is so satisfactory upon the very question here involved that no other cases need be cited. (4) Evidence of no previous accidents at this place was not admissible. Appellant's authorities are not in point. The exact question has been decided by this court in an opinion by Judge Broaddus, in which all concur. Kelley v. The

Parker-Washington Co., 107 Mo. App. 495; Gryce v. Railroad, (Ia.) 72 N. W. 781; Railroad v. Vallowe, 115 Ill. App. 626, affirmed 214 Ill. 124; Same case, 73 N. E. 416; Burgess v. Davis Sulphur Ore Co., 165 Mass. 71. (5) Instruction No. 2, given for plaintiff, is correct. It declares that plaintiff did not assume, or contract with reference to any risk or danger arising, or resulting from any negligence on the part of the defendant, if any, in failing to furnish plaintiff with a reasonably safe place in which to work. Negligence is by all lexicographers defined to be the want of ordinary care. Wencker v. Railroad, 169 Mo. 598.

ELLISON, J.—Plaintiff was one of defendant's car inspectors and was injured while at work. He claimed that his injury was caused by defendant's negligence and he brought this action to recover resulting damage. He recovered judgment in the trial court.

The negligence charged was maintaining a switch in the switch yards at the Union Station in Kansas City, Missouri, so near to defendant's track that it was dangerous to servants in getting upon cars in the performance of their duties. The switch here involved, including the light, was about two feet eight inches high. On the night of the 15th of August, 1908, it became plaintiff's duty to light up the cars intended for use. On this occasion he was filling the place of a negro who usually did that particular service. As a car was being brought up to the departing track at the station, plaintiff observed it was dark and attempted to get in to light it. He got upon the step and was opening the vestibule door when the heel of his foot struck the upright switch and he was thrown off and his foot so crushed under the wheel of the car that amputation of a part of it became necessary. There was some testimony to show that a safe and proper distance for a switch stand from the rail was three feet and eight inches, and there was other evidence that this one was only three feet away.

The injury to plaintiff is not questioned. The dispute is as to how it occurred. Defendant says plaintiff was not standing on the step, but was holding to a hand rail of the car and running along by the side when he fell over the switch. Plaintiff has the advantage of the verdict, which is amply supported by the evidence which he detailed in his own behalf. But defendant, while conceding that a mere difference between witnesses is settled by the verdict, contends that the physical facts appearing in the case make plaintiff's testimony impossible; and this is the principal question.

Plaintiff testified that he got upon the lower step with both feet, but that his feet were not entirely on— that the front of his feet, back to and including the instep, were on, leaving the heels sticking over the step, and that as the car passed the switch his heel came in contact with it and he was thereby thrown off. At this point there intervenes measurements of height of the switch and of different parts of it, with and without the light; and its distance from the lower step of the car at its nearest and farthest points. There seems to have been great particularity as to this, getting down to eighths of inches. Defendant had three witnesses on this branch and they do not agree. The same car plaintiff was on was not used in defendant's measurement, though it was of the same class. Furthermore, the car used by defendant was standing, while the one plaintiff fell from was moving and consequently swaying more or less, though of course more at the top than near the bottom.

If the cause of the mishap depended alone on the position of immovable objects, or objects like some machinery which works with rigid and unvarying preciseness, it could very well be determined by minute measurements. But where a portion of the controlling factors forming a cause are not stationary, some of them being the movement of persons, it would, in many instances—this, we think, being one of them—be going

too far to say that physical facts have not left a jury with any freedom of thought in determining the cause of the injury. The demurrer to the evidence was properly overruled. [Charlton v. Ry. Co., 200 Mo. 413; George v. Ry. Co., 225 Mo. 364; Tewksbury v. Street Ry. Co. (not yet officially reported), 134 S. W. 682.] In the latter case, besides cases from this state we collected several from other states bearing directly on the question. So far as the question of assumption of risk, which defendant invokes, may be connected with matters above stated, we think it disposed of by the late case of Jewell v. K. C. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703.

Defendant offered to prove that no one had ever been injured at this switch prior to plaintiff. The trial court refused to permit the evidence to be heard. Former injuries have been allowed to be shown for some purposes, among them for the purpose of showing notice of the condition of the dangerous agency; or where the question was whether a certain object would produce a certain result, as in Golden v. Ry. Co., 84 Mo. App. 59. But to allow one accused of maintaining a dangerous structure, to exculpate himself by showing that up to the accusation on trial no one had suffered from it, would go far towards announcing that one was never liable for the first injury; and it would introduce collateral issues in great confusion. [Kelley v. Parker-Washington Co., 107 Mo. App. 490; Mobile Ry. Co. v. Vallowe, 214 Ill. 124; Burgess v. Davis Sulphur Ore Co., 165 Mass. 71; Marvin v. New Bedford, 158 Mass. 464; Railroad v. Kemper, 153 Ind. 618; Association of Trenton v. Giles, 33 N. J. L. 260.] In the last case it is said that: "The reason for excluding all evidence of this character is, that it would lead to the trial of a multitude of distinct issues, involving a profitless waste of the time of the court, and tending to distract the attention of the jury from the real point in issue, without possessing the slightest force as proof of the matters of fact involved. The evidence excluded furnishes a forcible illustration

of the necessity of the rule, to the trial of causes before juries. The offer was to show that ten thousand persons passed these premises in each year since the hall was erected, without accident. The admission of this evidence would carry with it the right to cross-examine as to the circumstances under which each individual of the multitude passed, and the degree of caution and circumspection used by each; and, also, the right to introduce evidence of the dangers encountered, and by the exercise of superior vigilance, avoided, by each one of these individuals, together with evidence that some one or more of them had met with accidents at the place; in turn opening the way for evidence as to the degree of care exercised by such as had not been so fortunate as to escape; and when the parties, wearied in their endeavors to exhaust this vast field of investigation, rested the cause, the judge would have been compelled to direct the jury to determine whether or not the area was a nuisance, from the character of the footway, the situation of the area, with reference to it, and the means taken to guard against accident from its proximity to the sidewalk."

We do not think there is any substantial ground of complaint of plaintiff's instruction No. 2. When the whole instruction is read it only required of defendant the exercise of ordinary care.

We do not find that we would be authorized to disturb the judgment, and it is accordingly affirmed. All concur.