LILLIAN M. WRIGHT, Respondent, v. KANSAS CITY TERMINAL RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 5, 1917.**

1. **NEGLIGENCE: Railroads: Baggage Racks.** The plaintiff, while ministering to a friend who was ill in the hospital room of the Union Station in Kansas City, was injured when a suit case fell from a rack, or ledge above the back of the seat on which she was sitting and struck her. The seats in this room were placed back to back and the tops fastened together with a horizontal board thirteen (13) inches in width having a molding on each side an inch in height, leaving a space between of about twelve (12) inches. This space, for many years, was used by travelers as a temporary depository of luggage. The hospital room was separated from the remainder of the waiting room by curtains dropped down to the top of a row of seats so that the luggage placed on the rack would not ordinarily be seen by one in the hospital room. *Held*, that the negligence in providing an improper place for the temporary storage of luggage was the proximate cause of the injury.

2. ———: ———: ———. Where the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, the latter may recover damages from either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury.

3. **EVIDENCE: Similar Acts.** Evidence that no one else had been injured by the falling of grips from such racks, is inadmissible, as the danger was obvious and should have been reasonably anticipated and there was no showing that the rack was constructed in the usual, customary and approved way.

4. **INSTRUCTIONS: Variance: Pleading and Proof.** Where there is a variance between the pleading and proof, and such variance is not taken advantage of by the required affidavit of surprise, the point is waived.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

   *Lathrop, Morrow, Fox & Moore* for appellant.

   *McCune, Harding, Brown & Murphy* for respondent.

BLAND, J.—Plaintiff-below recovered eleven hundred and fifty ($1150) dollars as damages for personal injuries received by her on October. 2, 1912, in the old Union Station in Kansas City, Missouri.

The first point made by appellant is that the court erred in failing to sustain a demurrer to the evidence.

The evidence shows that at the time in question the defendant maintained rows of seats in its station, placed back to back, and that the tops of said seats were fastened together by means of horizontal boards thirteen (13) inches in width, having a moulding on either side an inch in height, leaving a space between the moulding of twelve inches. This space is referred to in the briefs as a ledge or rack. The evidence further shows that this ledge or rack, if not originally constructed for the purpose of the temporary storage of luggage by travelers, had been used by travelers for such purpose for at least eight (8) years, but whether it was originally constructed for this purpose or not, from the great number of years that defendant permitted the traveling public to use it for that purpose, it cannot be said that defendant did otherwise than maintain this ledge or rack for the purpose of temporary storage of luggage thereon by the traveling public. The evidence further shows that the station was very crowded, and that this ledge or rack was used for no other purpose except for the temporary storage of luggage, and that passengers were permitted to put their luggage upon said ledge or rack instead of upon the floor, if they desired to do so; that this ledge or rack was the only place provided for passengers to place luggage, except the floor. The testimony further shows that the molding so around the ledge or rack was intended to keep luggage from falling off of the same. The evidence further shows that this ledge or rack came up to the ears of adult persons sitting on the benches.

At the trial, by a cross-examination of one of its employees, the defendant brought out the fact that suit

195 M. A.—31

cases are of different sizes, and that the usual and customary size of one is twenty-four (24) inches in length, twelve (12) inches in width and six (6) inches in thickness.

At the time of the accident defendant maintained in said station a temporary hospital, or rest room, which was constructed by enclosing a part of the waiting room with heavy damask curtains hanging from wires; that on one side of said hospital room the damask curtains dropped from a wire down to, or nearly down to, the top of these rows of seats, so that one row of the seats that were placed back to back was in the hospital room and the other row in the general waiting room, and luggage placed on the ledge or rack between the seats would not ordinarily be seen by a person inside of the hospital room.

The evidence further shows that on the day in question plaintiff went to defendant's station to meet a friend, a Mrs. McFarland, who was on her way through Kansas City; that said friend was ill at the time and was taken into the hospital room, and that while plaintiff was seated on the row of seats in the hospital room administering to her said sick friend, a heavy brass bound suit case fell with great force, striking her on on the arm and injuring her. That plaintiff did not know anything of the presence of the suit case until it struck her.

Witness, Mary A. Hunter, had also gone to the station to meet Mrs. McFarland, and was also inside of the hospital room with the sick lady. She stated that the suit case which struck plaintiff came from the top ledge between the seats. She stated that the first thing that attracted her attention was when the curtain moved out and then the grip stuck out and fell; but that she did not see it when it started to fall. From this, and other evidence of like character, we feel that the jury was justified in finding that the suit case fell from the ledge.

Plaintiff recovered on the theory that defendant had maintained a defective ledge or rack for the recep-

tion of luggage and that the suit case which fell and injured plaintiff was caused to fall either by the negligence of someone pushing it, or through the inadvertence of someone, or the jostling and pushing of the crowd in the station. Appellant maintains that, first, the maintenance of said ledge or rack was not negligent, and that if it was negligence, there is no evidence to show that such negligence caused the suit case to fall upon the plaintiff. It is conceded that the duty owed plaintiff by the defendant was that of ordinary care. By maintaining this ledge or rack, as above described, for the purpose of the temporary storage of luggage, we believe that defendant was guilty of negligence. The defendant had knowledge of the fact that its waiting room was very crowded and that persons were constantly sitting down upon and getting up from the seats, and that for a great many years the traveling public had stored luggage temporarily upon this ledge or rack on the back of the seats. Defendant knew that such luggage might consist of most anything that a person could carry by hand, and that it might be something tall or short, large or small, heavy or light. The testimony shows that this ledge or rack came up to the ears of persons seated on the seat, and that an ordinary suit case upon this ledge might extend upward six inches if lying down, twelve inches if standing up and twenty-four inches if standing on end, thus bringing the top of such a suit case, it matters not how it might be placed, above the heads of parties seated on the benches.

We think the defendant should have anticipated that many persons, either intentionally or thoughtlessly, would come in contact with luggage placed upon this ledge or rack and that such contact might be of sufficient force to cause such luggage to fall off of the same, nor do we believe that defendant was absolved by placing an inch molding around such ledge or rack. While we would not attempt to say how such molding should be made to give reasonable protection from luggage falling off such ledge or rack, we believe it is quite

apparent to any reasonable mind that a molding only an inch in height would not in a great many instances give such protection.

So, in addition to the testimony as to the insufficiency of the ledge or rack, the fact that the suit case fell from it, together with the further fact that the molding, the only thing provided to prevent the luggage from falling off of the ledge or rack, did not extend high enough to serve such purpose, constituted sufficient evidence from which the jury had the right to conclude that the ledge or rack was defective or insufficient to prevent luggage placed thereon from falling or being pushed off. The fact that the hospital room was so constructed that plaintiff could not well have seen the suit case upon the ledge or rack made the situation much more dangerous than it otherwise would have been. However, appellant contends that there is no evidence showing how the suit case happened to fall; that it might have been pushed off by the inadvertence of some person, or the jostling or moving of the crowd, or it might have fallen as the result of the negligence of some person or persons. It seems to us it makes no difference what caused the suit case to fall. Defendant's negligence in providing an improper place for the temporary storage of luggage was the proximate cause of the injury. The fact that someone might have negligently pushed or thrown the suit case off of the ledge would not excuse the defendant.

As has been said by our supreme court, "a defendant may be liable even if the accident was not caused by his sole negligence. He is liable if his negligence concurred with that of another, or with an act of God, or with an inanimate cause, and became a part of the direct or proximate cause although not the sole cause. . . . 'If the concurrent or successive negligence of two persons, combined together, result in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed

to the injury. Thus, A leaves his horse and car to stand in the street, without any person to watch them, and a passer-by strikes the horse, in consequence of which damage ensues, A is answerable for such damage.' " [Newcomb v. Railroad, 169 Mo. l. c. 422.]

This principle has been held in a great many cases. [Obermeyer v. Chair Mfg. Co., 120 Mo. App. l. c. 74; Bishop on Non-Contract Law, sec. 39, 450, 451, 452, and 518; Bassett v. City of St. Joseph, 53 Mo. 290; Brennan v. City of St. Louis, 92 Mo. 482; Vogelgesang v. St. Louis, 139 Mo. 127; Brash v. City of St. Louis, 161 Mo. 433; Nagel v. Mo. Pac. Ry. Co., 75 Mo. l. c. 661.]

Bishop on Non-Contract Law, section 39, says:

"When the injury proceeds from two causes operating together, the party putting in motion one of them is liable the same as though it was the sole cause. This is one form of a universal principle in the law, that he who contributes to a wrong, either civil or criminal, is answerable as doer. And it is immaterial to this proposition whether that to which he contributes is the volition of a responsible person, or of an irresponsible one, or whether it is a mere inanimate force, or a force in nature, or a disease."

The next point made by appellant is that the court erred in excluding the following offer of proof made by the defendant. "I offer to show by this witness that during the seven years that she was at the old Union Station, so far as her knowledge goes, no person prior to this had been hurt by a suit case falling from the backs of the seats." Appellant urges this point with great vigor.

It has been held that in some instances it may be shown that similar occurrences had taken place before, but to show the negative of it in this manner and in a case like this is not competent. [Kelley v. The Parker-Washington Co., 107 Mo. App. 490; Chase v. Wabash Rd., 156 Mo. App. 696; Black v. Met. St. Ry. Co., 162 Mo. App. l. c. 100; Golden v. C. R. I. & Pac. Ry. Co., 84 Mo. App. 59.] However, we cannot see how such

evidence could possibly be admissible in this case where the defect was obvious and the danger could have been reasonably anticipated, and there was no showing on the part of the defendant that this ledge or rack was constructed in the usual, customary and approved way. [See American Brewing Ass'n. v. Talbot, 141 Mo. 674, and Hysell v. Swift & Co., 78 Mo. App. 39.]

Appellant makes the further point that there is a failure of proof of the cause of action pleaded in the petition and that instruction No. 1 given on behalf of plaintiff, is broader than the issues made by the pleadings. The petition alleges that said suit case was either knocked off by the natural movement of travelers or was negligently knocked off by one of defendant's employees. The evidence fails to show in what manner the suit case came to fall off the ledge or rack. We have already held that in this case such a showing was unnecessary. As the petition states a cause of action bottomed upon the negligence of defendant in allowing the ledge or rack to remain in a dangerous condition for the temporary storage thereon of luggage, we believe that plaintiff made out a case under the allegations of her petition; and if plaintiff did not show how the suit case happened to fall, such a failure was a variance between the pleading and the proof, and as defendant did not take advantage of this by the required affidavit of surprise, the point is waived.

The petition further alleges that defendant negligently failed to provide said ledge or rack with a retaining rail or other guards to prevent luggage from falling and being knocked off. The evidence shows that a molding an inch in height was provided for the purpose. We have already said the jury was justified in finding that the molding provided was not sufficient. If in this case there is any difference between the allegation that there was no retaining rail or other guards to prevent luggage from falling or being knocked off and the proof that there were not sufficient rails or other guards for such purpose, such difference

was a variance only. Plaintiff's instruction No 1 followed· the proof as outlined supra.

Appellant makes other complaints in reference to the instructions and to proof not supporting the allegations of the petition, but we regard them as being without sufficient merit to warrant prolonging this opinion.

The judgment is affirmed. All concur.