MATTIE MAY JOHNSON, Respondent, v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant, No. 41416—228 S. W. (2d) 796.

Division One, March 13, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, April 10, 1950.

430

*Charles L. Carr, William A. Kitchen, Henry Depping, Hale Houts* and *Hogsett, Trippe, Depping, Houts & James* for appellant.

*Lee H. Hamlin, John W. Hudson* and *Frank M. Robison* for respondent.

██ ASCHEMEYER, C.—This is an action to recover damages for personal injuries sustained by respondent (plaintiff) while alighting from one of appellant's (defendant's) streetcars. The petition prayed damages in the amount of $10,000. There was a verdict for appellant. The trial court sustained respondent's ██ motion for a new trial, and appellant has appealed from this order.

██ The trial court sustained the motion for a new trial "on account of the admission of incompetent evidence." Appellant asserts that the order of the trial court is so general that it fails to comply with the statutory requirement that the ground or grounds upon which a new trial is granted shall be specified of record. (Laws, Mo. 1943, p. 388, Sec. 115, Mo. R. S. A. § 847.115) We agree with this contention. The ground stated is too general to furnish any information to the parties or to this Court concerning the real basis of the trial court's action. It does not fulfill the purpose of the statute. Ordelheide v. Berger Land Co., 208 Mo. 239, 106 S. W. 620; Bartley v. Metropolitan St. R. Co., 148 Mo. 124, 138; Benton v. St. Louis-San Francisco R. Co., 182 S. W. (2d) 61; Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366. Accordingly, under Rule 1.10 of this Court, respondent has the burden of supporting the correctness of the action of the trial court. This burden is met if the respondent demonstrates that the motion for a new trial should have been sustained on any of the grounds specified in the motion. King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S. W. (2d) 458, 464; Schroeder v. Rawlings, 344 Mo. 630, 127 S. W. (2d) 678, 683; Millar v. Madison Car Co., 130 Mo. 517, 31 S. W. 574, 575.

Respondent was a passenger on one of appellant's streetcars. While alighting from the front end, she fell and was injured. Her evidence was that a metal strip on the outer edge of the front vestibule was loose and extended about one-half inch above the floor. The strip was rusty and worn, and one of the screws designed to hold it down was loose. The heel of one shoe caught on the strip; she tripped and was thrown to the street.

Appellant's evidence was that the metal strip was properly fastened down and that the front vestibule of the car was free of any defects. Respondent was carrying two shopping bags, and her fall was probably caused by tripping on one of these bags. In addition, three motormen who operated the streetcar over a period of about twenty-four hours, both preceding and following respondent's accident, testified, over respondent's objections, that over 750 passengers had ridden the streetcar during this period; that they had used the front vestibule of the car; and that no other passenger had tripped and fallen.

One of the assignments of error in the motion for a new trial was directed specifically to this testimony of the three motormen. Respondent asserts that this evidence was incompetent and the trial court's error in the admission of this evidence was ample justifica-

tion for the action of the court in sustaining the motion for a new trial. Appellant argues that the evidence was competent and was properly admitted.

■ Before examining these contentions, we must consider a preliminary matter. The only objection made to this testimony was that it was "wholly immaterial." Appellant argues that such an objection is so vague and general that it amounts to no objection at all. The cases cited by appellant on this point consider the sufficiency of a record for appellate review where the trial court has denied the motion for a new trial. They have no application here. If matters of error are raised in a motion for a new trial, the trial court has the authority to correct its errors, within the scope of the motion, even though no objection had previously been made to the matters of which complaint is made. Beer v. Martel, 332 Mo. 53, 55 S. W. (2d) 482; Lee v. Baltimore Hotel Co., 345 Mo. 458, 136 S. W. (2d) 695; Schierloh v. Brashear Freight Lines, 148 S. W. (2d) 747. If the testimony of the motormen was erroneously admitted, we hold that the trial court had authority to correct its error by sustaining the motion for a new trial.

■ While there is a difference of opinion upon the subject, the weight of authority seems to support the view that evidence showing the non-occurrence of other accidents is not competent to show that a place where an accident occurred was reasonably safe and free from danger. Such evidence is held to be inadmissible because it has no reasonable tendency to prove that a place of injury was free from danger and because ■ it raises collateral issues which have a tendency to confuse and mislead the jury. Cassanova v. Paramount-Richards Theatres, 204 La. 813, 16 So. (2d) 444 and cases cited; 128 A. L. R. 606. (Anno.)

Appellant concedes that such evidence has been rejected in every Missouri case which has had occasion to consider the matter. It argues, however, that some of these cases recognize, at least by implication, that such evidence of the non-occurrence of other accidents is admissible in a proper case where sufficient similarity of conditions is shown and where the proffered testimony is free from hearsay. Both appellant and respondent rely upon Blackwell v. J. J. Newberry, (Mo. App.) 156 S. W. (2d) 14. In this case the plaintiff was injured when she fell over a stepladder in an aisle in defendant's store. Defendant offered to prove by its store manager that the ladder had been kept in the aisle, or an adjoining aisle, for a long time and that he had not observed, nor had his subordinates reported to him, any accidents caused by the ladder. The court held that the offer of proof was properly rejected because it called for hearsay testimony and it did not propose to show that the conditions were the same throughout the period intended to be covered by the testimony. The court indicated its belief that evidence of

the non-occurrence of the prior accidents is usually excluded because it would tend to a confusion of issues and suggested that no absolute rule of admissibility could be established other than the requirement that the party against whom the evidence was introduced have the opportunity, by cross-examination or otherwise, of developing substantially all of the circumstances "in connection with those instances when the peril was avoided." The court pointed out that "it has been uniformly held in this state that evidence that no accidents or injuries occurred at a particular place other than the one in question is not admissible to show freedom from negligence on the particular occasion or that the place or appliance was safe and not dangerous" and many Missouri cases supporting this statement are cited.

In Chase v. Wabash R. Co., 156 Mo. App. 696, 137 S. W. 999, 1000; Wright v. Kansas City Terminal R. Co., 195 Mo. App. 480, 193 S. W. 963, 965; Kelley v. Parker-Washington Co., 107 Mo. App. 490, 81 S. W. 631; and Walker v. Mitchell Clay Mfg. Co., (Mo. App.) 291 S. W. 180, 183, evidence tending to show the absence of prior accidents was held to be inadmissible. We believe that an analysis of these cases supports the view that such evidence was rejected upon two grounds: (1) that it would lead to a confusion of issues and (2) that it would possess no force as proof of the facts involved.

Appellant argues that since the Missouri decisions recognize that evidence of the occurrence of prior accidents is admissible where sufficient similarity of conditions is shown, it should logically follow that defendant has the right to introduce evidence that no other accidents occurred. This is not a new contention. It was advanced in Walker v. Mitchell Clay Mfg. Co., supra, but the court did not consider it persuasive. When evidence of the occurrence of a prior accident is admissible, it is generally received as tending to show the dangerous character of a place of injury or the dangerous condition of an appliance and the defendant's knowledge of such condition. According to the weight of authority, such evidence is not admissible "to prove the cause of a specific occurrence to establish a specific act of negligence." 20 Am. Jur., Sec. 304, pp. 282, 283. In cases such as Charlton v. St. Louis & S. F. R. Co., 200 Mo. 413, 98 S. W. 529, 538; Taylor v. Kansas City, (Mo. Sup.) 112 S. W. (2d) 562, 565; and Cameron v. Small, (Mo. Sup.) 182 S. W. (2d) 565, there was no real dispute concerning the physical facts involved in the accident. The real issue was whether the place or appliance was in an unsafe condition and likely to produce injury and whether the defendant had knowledge and notice thereof. For example in Cameron v. Small, supra, it was held that evidence of the occurrence of prior accidents "was relevant and admissible as circumstantial evidence tending to prove, in conjunction with other evidence on the issue,

that the ██ surface of the ramp was unsafe, if the slipping of others occurred under the same conditions at the same place, and from the same cause, as the slipping of the plaintiff.''

In this case, there was no agreement concerning the condition of the front vestibule of the streetcar. Respondent contended that the metal strip along the outer edge was loose so that it caught her heel. Appellant's evidence showed that the metal strip was not loose and, inferentially, that it could not catch her heel and was not the cause of her fall. Evidence that other passengers fell while using the front vestibule of the streetcar would not have been admissible unless the evidence showed that such accidents were caused by tripping over the loose metal strip. Taylor v. Kansas City, supra. If the evidence of other accidents showed such facts, it is obvious that it would have constituted direct, and not circumstantial, proof of the defect which respondent claimed to exist. On the other hand, proof that other passengers fell, without more, would not have been competent to show the existence of the defect which was essential to respondent's case. It follows, we believe, that evidence that other passengers did not fall would not have a reasonable tendency to prove that the metal strip was not in a loose and defective condition. We hold that the evidence of the motormen as to the non-occurrence of other accidents was inadmissible because it introduced a confusion of issues and because it did not reasonably tend to prove that the front vestibule of the streetcar was free of the claimed defect.

██ Appellant argues that, even if the testimony of the motormen was incompetent, respondent waived any right to complain because (1) such evidence was invited by respondent's testimony that the streetcar was old, that appellant put its worst cars on this particular line, and that only Negroes rode them; and (2) respondent failed to object to the testimony of two other passengers, elicited by appellant, that they did not trip or fall in getting off the streecar. As to the first contention, we see no connection between respondent's general reference to the condition of this car or other streetcars on the line and the testimony of the motormen. As to the second contention, one of the passengers testified directly that the metal strip was loose and projected above the floor of the vestibule. The testimony of the other passenger had no similarity in character or quality to the testimony of the motormen that hundreds of passengers used the streetcar without tripping and falling. We find no merit in these contentions.

██ Respondent argues that her motion for a new trial was also properly sustained because the court erred in refusing to give, as requested, her instruction submitting her theory of the case and in modifying the same, so that the instruction as given was incorrect, confusing, and misleading. The instruction, as requested, required the jury to find that appellant suffered and permitted the front

vestibule of the car to be and remain out of repair so that it was dangerous for respondent to go over it; and that it suffered and permitted the metal strip on the outer edge to become loosened and to project above the floor level and to remain in such condition after the lapse of a reasonable time to have repaired the same, "so as to render it *dangerous* to a person using the said front vestibule floor and steps." The court struck out the word "dangerous" and substituted the words "reasonably safe." This changed the meaning of the instruction. The portion of the instruction quoted referred to the hypothesized facts that the metal strip was loose and projected above the floor level "so as to render it dangerous." The trial court was in error in making this modification, and we believe the instruction, as modified, was confusing.

Other matters of which respondent complains are not likely to occur upon a second trial, and we need not discuss them.

The trial court properly exercised its discretion in granting respondent a new trial, and the order sustaining respondent's motion for a new trial is affirmed. *Van Osdol* and *Lozier, CC.*, concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.